United States District Court
Southern District of Texas
FILED

JUL 25 2002

Michael N. Milby
Clerk of Court

5

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| BROWNDREW, L.L.C.<br>Plaintiff | § § § § | CIVIL ACTION NO. B-02-137 |
| vs. | § § § § | COMPLAINT IN INTERPLEADER |
| Triad Builders, Inc; Elsa State Bank & Trust Co.; G & T Paving Co; Aqua Tech; Villanueva Fence & Supply Co.; Valley Builders Co.; Robert's Welding & Fabricators, Inc.; Bowman Distributing Company, Inc.; Omega Systems; Galvan Sheet Metal Shop; Raymond Roofing, Inc.; Edmann's Commercial Refrigeration & A/C; Skipper's Repair Plumbing; RZB Inc., d/b/a Global Electric; Lifetime Industries; Ben's Glass and Metal; Kenmark, Inc.; Gabriel Alcantar; Alfredo Gutierrez; M&M Commercial Lawn Services, Inc.; G.D. Lozano; Kevin Comier; JCO Specialists; Opening Specialties and Supply, Inc.; Dal-Tile Corporation; DEA Specialties Co., Ltd.; LCM Management Co., Inc. d/b/a South Texas Flag; Star Building Systems; Mario Maron; D&B General Cleaning; G.T. Blinds, Inc.; Robert Mariscal; The Sherwin-Williams Company; The Striping Company; Roberto Gomez; A&J Paving; Hope Lumber & Supply Co., L.P.; Consolidated Electric Distributors, Inc.; Palmview Glass & Mirror, Inc.; and Encinal Investments, Inc.,<br>Defendants. | § § § § § § § § § § § § § § § § § § § § § § § § | |

## DEFENDANT, SKIPPER'S REPAIR PLUMBING'S ORIGINAL ANSWER, COUNTERCLAIM AND CROSS-ACTION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Skipper's Repair Plumbing, hereinafter designated as "Defendant Skipper's" and files this its Original Answer, Counterclaim against Plaintiff, and Cross-

action against Defendant Triad Builders, Inc. for this cause of action and would respectfully show the Court the following:

1. Defendant Skipper's admits Paragraph 1 of Plaintiff's Original Complaint.

2. Defendant Skipper's is without knowledge or sufficient information to form a belief as to the truth of the averments contained in Paragraph 2 except for subsection (n) of Plaintiff's Original Complaint.

3. Defendant Skipper's admits Paragraph 3-5 of Plaintiff's Original Complaint.

4. Defendant Skipper's is without knowledge or sufficient information to form a belief as to the truth of the averments contained in Paragraph 6-8 of Plaintiff's Original Complaint. However, Defendant Skipper's admits it filed an Affidavit claiming Mechanic's Lien on May 15, 2002.

5. Defendant Skipper's can neither admit or deny Paragraphs 9-11 because Plaintiff failed to make any averments.

6. Defendant Skipper's is without knowledge or sufficient information to form a belief as to the truth of the averments contained in Paragraphs 12-13 of Plaintiff's Original Complaint.

5. Defendant Skipper's admits Paragraph 14 of Plaintiff's Original Complaint.

6. Defendant Skipper's denies Paragraph 15 of Plaintiff's Original Complaint.

7. Defendant Skipper's denies that Plaintiff is entitled to an order restraining the Defendant Skipper's from commencing in any court any action against Plaintiff to recover any damages for failure of Plaintiff to deliver the sum of money to Defendant Skipper as requested by Plaintiff in its Original Complaint. Defendant Skipper's is without knowledge

or sufficient information to form a belief as to the truth of the remaining averments against other Defendants.

8. Defendant Skipper's denies that Plaintiff is entitled to be released from and discharged from all liability to Defendant Skipper's in this cause on account of the matters relating to this cause. Defendant Skipper's is without knowledge or sufficient information to form a belief as to the truth of the remaining averments against other Defendants.

## COUNTERCLAIM

9. Skipper's Plumbing (hereinafter referred to as "Counter-Plaintiff") is a plumber engaged in the general construction industry in Brownsville, Texas.

10. During 2001, Defendant Triad Builder's Inc. (hereinafter referred to as "Triad"), as a general contractor, began construction of improvements on Lot 2, Block 1, of the HAPCO Subdivision (hereinafter referred to as "the Improvement Project").

11. In furtherance of the Improvement Project, Triad entered into an Agreement (hereinafter the "Subcontract") with Counter-Plaintiff to provide labor and materials for the Project. A copy of the Agreement executed between Counter-Plaintiff and Triad is attached hereto as Exhibit "A" and incorporated herein for all purposes. Pursuant to the Subcontract, Counter-Plaintiff agreed to provide certain labor and materials for the installation of a complete plumbing system.

12. From the period of September 2001 through March 2002, Counter-Plaintiff delivered material and performed all work necessary to fulfill its obligations under the Subcontract.

13. In Compliance with, Texas Property Code §53.052, Counter-Plaintiff filed an

affidavit claiming Mechanic's Lien on May 15, 2002.

14. Despite notice of affidavit, Counter-Defendant, Browndrew, has failed and refused to pay the sums due to Counter-Plaintiff under the terms of the subcontract.

15. Presently, there is due and owing to Counter-Plaintiff the sum of Five Thousand Six Hundred One and 40/100 ($5,601.40) Dollars, representing materials incorporated into the Improvement Project and labor performed on the on the Improvement Project by Counter-Plaintiff and its employees.

16. Accordingly, Counter-Plaintiff is entitled to recover from Counter-Defendant, Browndrew, the amount of $5,601.40 for the labor and materials expended on the Improvement Project.

## CROSS-ACTION AGAINST DEFENDANT TRIAD

17. On October 3, 2001, Defendant Skipper's (hereinafter referred to as "Cross-Plaintiff") entered into an Agreement (hereinafter referred to as "Subcontract") with Defendant Triad (hereinafter referred to as "Triad") for the installation of a complete plumbing system.

18. Article 8.1 of the Subcontract, states that the Cross-Plaintiff was to "furnish material, equipment, & labor for the complete installation of the following. Complete Plumbing System, including Plumbing Permit & clean up of all Plumbing related debris."

19. Defendant Triad was to make progress payments based upon applications submitted by Cross-Plaintiff.

20. Cross-Plaintiff has performed all its duties according to the Subcontract.

21. Defendant Triad has failed to pay Cross-Plaintiff the sum of Five Thousand Six

Hundred One and 41/100 ($5,601.40) Dollars.

22. Thus, Defendant Triad is indebted to Cross-Plaintiff in the sum of $5,601.40 representing the labor and materials expended under the Subcontract.

**WHEREFORE PREMISES CONSIDERED,** Counter-Plaintiff and Cross-Plaintiff Skipper's requests that upon final trial of this cause, the relief requested by Plaintiff Browndrew be denied in all respects, and that it have:

1. judgement against Browndrew and Triad, jointly and severally, for the sum of $8,101.40;

2. judgment for reasonable and necessary attorneys fees;

3. judgment for any attorneys fees which may be incurred by Counter-Plaintiff as a result of any appeal of this action;

4. judgment for costs of suit, and pre-judgment and post-judgment interest as provided by law; and

5. judgment against Browndrew and Triad for such other and further relief to which Skiper's may be justly entitled.

Respectfully Submitted,

**RANSOME & RAY, P.C.**
550 E. Levee St.
Brownsville, Texas 78520
Telephone: (956) 542-3642
Fax: (956) 542-3698

By: /s/ Marshall R. Ray
Marshall R. Ray        TX/BAR#
Fed Id. 801
Elizabeth Guerrero    166606100
Fed Id. 31185

## CERTIFICATE OF SERVICE

I, Marshall R. Ray, hereby certify that on this 25th day of July, 2002, a true and correct copy of the above and foregoing Defendant, Skipper's Repair Plumbing's, Original Answer, Counter-claim and Cross-Action was served by certified mail, return receipt requested and/or via fax transmission, on the following, to-wit:

| | |
|---|---|
| William L. Rentfro<br>Rentfro, Faulk, & Blakemore<br>185 E. Ruben Torres Blvd.<br>Brownsville, Texas 78520<br>**Attorney for Plaintiff** | CM/RRR#70001670000570771927 |

*(signature)*
Marshall R. Ray