IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUL 2 9 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| BROWNDREW, L.L.C., | § | |
| Plaintiff | § | |
| vs. | § | Civil Action No. B-02-137 |
| | § | |
| | § | |
| TRIAD BUILDERS, INC., ELSA STATE | § | |
| BANK AND TRUST, AQUA | § | |
| TECH, VILLANUEVA FENCE AND | § | |
| SUPPLY CO., ET AL | § | |
| Defendants | § | |

### DEFENDANT LIFETIME INDUSTRIES, INC.'S RULE 12 (b)(6) AND RULE 12 (b)(1) MOTIONS TO DISMISS

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant, Lifetime Industries, Inc., files its Rule 12(b)(6) and Rule 12 (b)(1) Motions to Dismiss, and for cause, shows as follows:

### I.

### RULE 12 (b)(1) MOTION TO DISMISS

**1.01** Defendant, Lifetime Industries, Inc., (hereinafter referred to as "LII"), submits that this cause should be dismissed based on the lack of subject matter jurisdiction. Defendant would show that 28 U.S.C. § 1335 (a)(2) requires Plaintiff to interplead the funds subject to this interpleader action with the Court or to file a bond in the amount of the subject property payable to the clerk of the Court. Plaintiff has fulfilled neither requirement.

**1.02** Instead, as Plaintiff admits in Paragraph 6 of the Original Complaint, such funds are still on deposit with an title company. The title company is not a party to this litigation. The current owner of the real property subject to this litigation is not a party to this litigation.

**1.03** Because the proceeds purportedly deposited in escrow have not been placed into the registry

of this court and because Plaintiff has not filed the appropriate bond in the amount of the subject proceeds, this Honorable Court is deprived of subject matter jurisdiction under the Federal Interpleader Statute, 28 U.S.C. §1335. Specifically, Plaintiff fails to comply with 28 U.S.C. §1335 (a)(2), which imposes on the Plaintiff, among other requirements, the following:

> "... and if (2) the plaintiff has deposited such money or property or has paid the amount of or the loan or other value of such instrument or the amount due under such obligation into the registry of the court, there to abide the judgment of the court, or has given bond payable to the clerk of the court in such amount and with such surety as the court or judge may deem proper, conditioned upon the compliance by the plaintiff with the future order or judgment of the court with respect to the subject matter of the controversy."

1.04 Plaintiff's own complaint demonstrates that it has not performed any of these requirements to date. Therefore, Plaintiff's interpleader action should be dismissed for lack of subject matter jurisdiction.

1.05 LII would further show that Plaintiff does not have custody or control over the subject proceeds as required by 28 U.S.C. §1335(a). Plaintiff's complaint states that the subject proceeds are deposited with a title company. This admission clearly shows that Plaintiff cannot invoke the jurisdiction of this Court since the title company, and not the Plaintiff, currently exercises custody and control over the proceeds subject to this interpleader action.

1.06 Without an averment that Plaintiff alone exercises custody or control over the subject proceeds, Plaintiff's own admission that such proceeds are deposited in escrow with a title company can only mean that Plaintiff does not exercise the requisite custody or control sufficient to satisfy 28 U.S.C. §1335(a)'s jurisdictional requirement. For this additional reason, Plaintiff is entitled to a dismissal of this action for lack of subject matter jurisdiction.

## II.

### RULE 12 (b)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM – NO DEPOSIT INTO THE REGISTRY OF THE COURT AND NO FILING OF REQUISITE BOND IN LIEU OF DEPOSIT

**2.01** LII incorporates by reference Paragraphs 1.01 through 1.06 above into this motion

**2.02.** LII would further submit to this Court that it is entitled to dismissal of the cause based upon Plaintiff's failure to state a claim.

**2.03** LII submits that Plaintiff's failure to comply with 28 U.S.C. §1335 (a)(2)'s deposit and/or bond requirements, as described hereinabove, dictates that this cause of action be dismissed for failure to state a claim. Plaintiff's Original Complaint unequivocally demonstrates that Plaintiff has failed to deposit the subject proceeds into the registry of the court. Further, Plaintiff's Original Complaint fails to aver that it has filed a bond in the amount of the subject proceeds pursuant to § 1335 (a)(2). Plaintiff has failed to comply with the fundamental obligations imposed upon it under the Federal Interpleader Statute, and therefore, this case should be dismissed for failure to state a claim.

### III.

### RULE 12 (b)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM – NO CUSTODY OR CONTROL OVER SUBJECT PROCEEDS

**3.01** LII incorporates by reference Paragraphs 1.01 through 2.03 into this motion.

**3.02** LII would further submit, as an additional basis in support of its Rule 12(b)(6) Motion, that Plaintiff's Complaint fails to demonstrate that Plaintiff has custody or control over the proceeds subject to its interpleader action. The complaint discloses that the subject proceeds are deposited in an escrow account owned or controlled by an unidentified title company. *See Paragraph 8, Plaintiff's Original Complaint.* This unidentified title company is not a party to the above-captioned litigation.

**3.03** Further, Plaintiff's complaint also discloses that the subject proceeds were deposited with the

undisclosed title company as part of the sale of the real property subject to the suit. Plaintiff purportedly sold the subject real property to an as yet unidentified third party. Ostensibly, the purchaser is not a party to this litigation.

3.04 The Federal Interpleader Statute, 28 U.S.C. § 1335, which Plaintiff specifically invoked in its complaint, requires that the Plaintiff have custody or control over the property subject to the interpleader.

3.05 Plaintiff's complaint fails to demonstrate that it, in fact, has custody or control over the subject proceeds as required under § 1335 of the Federal Interpleader Statute . The complaint further fails to aver that Plaintiff has the right to transfer the subject proceeds without the consent of, or adjudication of the rights of the title company and the unidentified purchaser.

3.06 While Plaintiff "offers" to transfer the proceeds currently in the custody or control of the title company, Plaintiff's complaint fails to allege that it has the sole right of control to exercise this transfer upon its own volition. Specifically, Plaintiff's complaint fails to establish that the consent of the title company or the purchaser of the subject real property are required. Further, Plaintiff's complaint fails to demonstrate that the rights of the title company and/or the purchaser may be impacted by the transfer of said proceeds to the register of the court.

3.07 Without an averment that Plaintiff, in fact, exercised the requisite custody or control over the subject proceeds at the time that it filed its complaint, Plaintiff has failed to state a claim under its interpleader cause of action, and therefore, this case should be dismissed.

## IV.

## CONCLUSION

4.01 Based on the foregoing, LII requests that this Court dismiss Plaintiff's Original Complaint in Interpleader for lack of subject matter jurisdiction and/or for failure to state a claim.

LIFETIME INDUSTRIES, INC., Defendant

By: _____
Daniel G. Rios
Federal Admission No. 17290
Texas Bar No. 00784844
323 Nolana
McAllen, TX 78504
(956)630-9401
Fax (956)682-0566

## CERTIFICATE OF SERVICE

I, Daniel G. Rios, hereby certify that a true and correct copy of the foregoing instrument has been served on all counsel of record known to me thus far on this ___29th___ day of __July__, 2002.

_____
Daniel G. Rios

## CERTIFICATE OF CONFERENCE

I, Daniel G. Rios, hereby certify that I have not conferred with opposing counsel concerning the foregoing motions as such is not required pursuant to the Local Rules of the Southern District of Texas, Rule LR7.1.D.

_____
Daniel G. Rios