United States District Court
Southern District of Texas
FILED

JUL 3 0 2002

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

BROWNDREW, L.L.C. §
  Plaintiff, §
   §
V. §
   §
   §  CIVIL ACTION NO.
TRIAD BUILDERS, INC.; ELSA STATE §  B-02-137
BANK & TRUST CO.; G & T PAVING CO.; §
AQUA TECH; VILLANUEVA FENCE & §
SUPPLY CO.; VALLEY BUILDERS CO.; §
ROBERT'S WELDING & FABRICATORS, §
INC.; BOWMAN DISTRIBUTING COMPANY §
INC.; OMEGA SYSTEMS; GALVAN SHEET §
METAL SHOP; RAYMOND ROOFING, INC.; §
EDMANN'S COMMERCIAL REFRIGER- §
ATION & A/C; SKIPPER'S REPAIR §
PLUMBING; RZB INC., d/b/a GLOBAL §
ELECTRIC; LIFETIME INDUSTRIES; §
BEN'S GLASS AND METAL; KENMARK, §
INC.; GABRIEL ALCANTAR; ALFREDO §
GUTIERREZ; M&M COMMERCIAL LAWN §
SERVICES, INC.; G.D. LOZANO; KEVIN §
COMIER; JCO SPECIALISTS; OPENING §
SPECIALTIES AND SUPPLY, INC.; DAL- §
TILE CORPORATION; DEA SPECIALTIES §
CO., LTD.; LCM MANAGEMENT CO., INC. §
d/b/a SOUTH TEXAS FLAG; STAR BUILDING §
SYSTEMS; MARIO MARON; D&B GENERAL §
CLEANING; G.T. BLINDS, INC.; ROBERT §
MARISCAL; THE SHERWIN-WILLIAMS §
COMPANY; THE STRIPING COMPANY; §
ROBERTO GOMEZ; A&J PAVING; HOPE §
LUMBER & SUPPLY CO., L.P.; CONSOL- §
IDATED ELECTRIC DISTRIBUTORS, INC.; §
PALMVIEW GLASS & MIRROR, INC.; and §
FINANCIAL INVESTMENTS, INC., §
  Defendants. §

**ELSA STATE BANK & TRUST CO.'S
ANSWER TO PLAINTIFF'S COMPLAINT IN INTERPLEADER**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant, ELSA STATE BANK & TRUST CO., ("ESB") files this original answer to plaintiff BROWNDREW, L.L.C.'S complaint in Interpleader.

## I. ANSWER TO PLAINTIFF'S COMPLAINT IN INTERPLEADER

### A. Answers to Plaintiff's Allegations

1.　　ESB denies paragraph one.  The interpleader action should be dismissed unless plaintiff tenders the stake into the registry of the court.  This is a jurisdictional prerequisite.

2.　　ESB is without knowledge or information sufficient to form a belief on the truth of Paragraph 2 (a)-(oo) except for 2(c) which is admitted as to the allegations regarding ESB which is a Texas state bank.

3.　　ESB denies paragraph three.

4.　　ESB denies paragraph four.

5.　　ESB admits that Triad and Browndrew entered into a contract, but is without sufficient information to admit or deny the date the contract was executed.

6.　　ESB is without sufficient information to admit or deny paragraph six, sentences one, two, three and five. Sentence four is denied to the extent that plaintiff asserts that the full balance of the contract was paid.

7.　　ESB is without sufficient information to admit or deny paragraph seven, sentence one, however, ESB admits sentence two and admits that it owns Triad's right to receive any proceeds from the contract.

8.　　Upon information and belief, sentence one of paragraph eight is admitted.  Sentences two and three are denied.  After reasonable inquiry, ESB is without sufficient

information to admit or deny sentence four.

9.    After reasonable inquiry, ESB cannot admit or deny paragraph nine (erroneously designated paragraph 12).

10.    After reasonable inquiry, ESB cannot admit or deny paragraph ten (erroneously designated paragraph 13).

11.    After reasonable inquiry, ESB cannot admit or deny paragraph eleven (erroneously designated paragraph 14).

12.    Paragraph twelve (erroneously designated paragraph 15) is denied.

13.    Plaintiff's prayer, along with items one through six of plaintiff's prayer, are denied.

## B. Affirmative Defenses

14.    Plaintiff's interpleader action should be dismissed as plaintiff has not yet deposited the stake into the registry of the court which is a jurisdictional prerequisite under 28 USC §1335.

15.    Plaintiff's interpleader action is not proper in that plaintiff is not an innocent stakeholder since ESB has affirmative claims against plaintiff.

16.    Plaintiff's interpleader action was not brought in a timely fashion.

17.    As a result of the foregoing defenses, plaintiff is not entitled to attorney's fees as against the stake.

## C. Cross-Claim to Interplead Funds

18.    Assuming that the court determines that it has jurisdiction, ESB asserts a crossclaim against the stake.

19.    Cross-claimant ESB asserts that it is entitled to a portion of the funds being interplead by Plaintiff Browndrew.

20.    ESB is the owner of Triad's right to payment of the proceeds on the contract between Triad and Browndrew by virtue of the assignment attached hereto as Exhibit 1.

21.    Browndrew has disclaimed any interest in the contract funds it intends to deposit with the Court.

22.    ESB affirmatively asserts that its co-defendants in interpleader are only entitled to the interplead funds to the extent that they can show that they have perfected mechanic's and materialman's liens under Texas law.

23.    ESB affirmatively asserts that the liens of co-defendants in interpleader are not properly perfected.

24.    ESB properly perfected a security interest in the proceeds of the contract between Triad and Browndrew by filing a UCC-1 which is attached as Exhibit 2.

25.    ESB is entitled to the balance of any interplead funds remaining after subtracting any payments made from the interplead funds to subcontractors who have properly perfected their liens under Texas law.

### D. Counterclaim against Browndrew

26.    Assuming that the Court determines that it has jurisdiction, ESB asserts a counterclaim against plaintiff.

27.    ESB is the owner of Triad's right to payment of the proceeds on the contract between Triad and Browndrew by virtue of the assignment attached hereto as Exhibit 1.

28.    Upon information and belief, Browndrew has not deposited sufficient funds to cover change orders that were completed on the project.

29.    Triad has informed counter-claimant ESB that Browndrew owes an amount in the neighborhood $60,000.00 for change orders agreed to by Browndrew.

30.  By way of counterclaim, count one, ESB asserts its right to payment for the change orders against Browndrew and seeks payment from Browndrew in the amount of $60,000.00.

31.  On July 12, 2001, ESB entered into a tri-party agreement between Triad, Browndrew and ESB wherein Browndrew agreed to make payment on the contract jointly payable to Triad and ESB as shown by the attached Exhibit 3.

32.  For count two of its counterclaim, ESB also asserts that Browndrew breached its agreement to pay ESB and Triad jointly with respect to application for payment number six dated January 25, 2002 in the total amount of $108,994.69.

33.  ESB was entitled to $17,608.20 of this payment as reflected on the application which amount is sought by ESB herein.

34.  Upon information and belief, Browndrew paid application number six to subcontractors but failed to pay ESB's portion in violation of the agreement between ESB and Browndrew.

35.  In addition to the payment, ESB seeks its attorney's fees incurred in prosecuting its breach of contract action against Browndrew.

### E. Prayer

36.  For these reasons, ESB asks the court dismiss plaintiff's interpleader action, deny attorney's fees to plaintiff, and alternatively if the action is allowed to go forward to award ESB the portion of the stake it proves it is entitled to as well as its attorney's fees, and award ESB judgment against Browndrew in the amount of $77,608.20 as well as its attorney's fees, and award ESB all other relief to which it is entitled.

Respectfully submitted,

JONES, GALLIGAN, KEY & LOZANO, L.L.P.
Town Center Tower, Suite 300
2300 West Pike Boulevard
Post Office Drawer 1247
Weslaco, Texas 78599-1247
Telephone: (956) 968-5402
Telecopier: (956) 969-9402

By: _Lance A. Kirby, by permission_

LANCE A. KIRBY
State Bar No.: 00794096

Of Counsel:

TERRY D. KEY
State Bar No.: 11370200
JONES, GALLIGAN, KEY & LOZANO, L.L.P.
Town Center Tower, Suite 300
2300 West Pike Boulevard
Post Office Drawer 1247
Weslaco, Texas 78599-1247
Telephone: (956) 968-5402
Telecopier: (956) 969-9402

**ATTORNEYS FOR DEFENDANT
ELSA STATE BANK & TRUST CO.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been forwarded to the following attorneys on the 30th day of July, 2002.

William L. Rentfro
RENTFRO, FAULK, & BLAKEMORE, L.L.P.
185 E. Ruben Torres Blvd.
Brownsville, Texas 78520

_____
TERRY D. KEY

| | | |
|---|---|---|
| TRIAD BUILDERS, INC.<br>2300 W. PIKE BLVD., SUITE 204<br>WESLACO, TX 78596 | ELSA STATE BANK & TRUST CO.<br>WESLACO BANKING CENTER<br>203 E. BUSINESS 83, SUITE A<br>WESLACO TX 78596 | 1118323 74<br>Loan Number ___111832374___<br>Date __Feb 26, 2002__<br>Maturity Date __May 28, 2002__<br>Loan Amount $ ___103,686.59___<br>Renewal Of ___111832373___ |
| **BORROWER'S NAME AND ADDRESS**<br>"I" includes each borrower above, jointly and | **LENDER'S NAME AND ADDRESS**<br>"You" means the lender, its successors and assigns. | |

For value received, I promise to pay to you, or your order, at your address listed above the **PRINCIPAL** sum of _____

ONE HUNDRED THREE THOUSAND SIX HUNDRED EIGHTY SIX AND 59/100 _____ Dollars $ _____ 103,686.59

☒ **Single Advance:** I will receive all of this principal sum on __02/26/2002__ . No additional advances are contemplated under this note.

☐ **Multiple Advance:** The principal sum shown above is the maximum amount of principal I can borrow under this note. On _____
_____ I will receive the amount of $ _____**N/A**_____ and future principal advances are contemplated.

   **Conditions:** The conditions for future advances are _____

_____

   ☐ **Open End Credit:** You and I agree that I may borrow up to the maximum principal sum more than one time. This feature is subject to all other conditions and expires on _____

   ☐ **Closed End Credit:** You and I agree that I may borrow (subject to all other conditions) up to the maximum principal sum only one time.

**INTEREST:** I agree to pay interest on the outstanding principal balance from __February 26, 2002__ at the rate of __12.50__ %
per year until __May 28, 2002__ .

☐ **Variable Rate:** This rate may change as stated below.

   ☐ **Index Rate:** The future rate will be __N/A__ the following index rate: _____
   __N/A__

   ☐ **Ceiling Rate:** The interest rate ceiling for this note is the _____ ceiling rate announced by the Credit Commissioner from time to time.
   ☐ **Frequency and Timing:** The rate on this note may change as often as _____ .
      A change in the interest rate will take effect _____ .
   ☐ **Limitations:** During the term of this loan, the applicable annual interest rate will not be more than __N/A__ % or less than
   ' __N/A__ %. The rate may not change more than __N/A__ % each __N/A__ .

   **Effect of Variable Rate:** A change in the interest rate will have the following effect on the payments:
   ☐ The amount of each scheduled payment will change.        ☐ The amount of the final payment will change.
   ☐ _____ .

**ACCRUAL METHOD:** Interest will be calculated on a _____**actual/360 day**_____ basis.

**POST MATURITY RATE:** I agree to pay interest on the unpaid balance of this note owing after maturity, and until paid in full, as stated below:
   ☒ on the same fixed or variable rate basis in effect before maturity (as indicated above).
   ☐ at a rate equal to _____ .

☐ **LATE CHARGE:** If a payment is made more than _____ days after it is due, I agree to pay a late charge of _____ .

☐ **ADDITIONAL CHARGES:** In addition to interest, I agree to pay the following charges which ☐ are ☐ are not included in the principal amount above: _____

**PAYMENTS:** I agree to pay this note as follows:

☒ **Interest:** I agree to pay accrued interest **with the principal at Maturity, May 28, 2002.**

☒ **Principal:** I agree to pay the principal __at Maturity, May 28, 2002.__

☐ **Installments:** I agree to pay this note in _____ payments. The first payment will be in the amount of $ _____
   and will be due _____ . A payment of $ _____ will be due _____
   _____ thereafter. The final payment of the entire
   unpaid balance of principal and interest will be due _____ .

**PURPOSE:** The purpose of this loan is ' __RENEWAL__ .

**ADDITIONAL TERMS:**

EXHIBIT
**1**

**SECURITY**

☐ **General Intangibles:** All general intangibles including, but not limited to, tax refunds, applications for patents, copyrights, trademarks, trade secrets, goodwill, trade names, customer lists, permits and franchises, payment intangibles, computer programs and all supporting information provided in connection with a transaction relating to computer programs, and the right to use my name.

☐ **Documents:** All documents of title including, but not limited to, bills of lading, dock warrants and receipts, and warehouse receipts.

☐ **Farm Products and Supplies:** All farm products including, but not limited to, all poultry and livestock and their young, along with their produce, products, and replacements; all crops, annual or perennial, and all products of the crops; and all feed, seed, fertilizer, medicines, and other supplies used or produced in my farming operations.

☐ **Government Payments and Programs:** All payments, accounts, general intangibles, and benefits including, but not limited to, payments in kind, deficiency payments, letters of entitlement, warehouse receipts, storage payments, emergency assistance and diversion payments, production flexibility contracts, and conservation reserve payments under any preexisting, current, or future federal or state government program.

☐ **Investment Property:** All investment property including, but not limited to, certificated securities, uncertificated securities, securities entitlements, securities accounts, commodity contracts, commodity accounts, and financial assets.

☐ **Deposit Accounts:** All deposit accounts including, but not limited to, demand, time, savings, passbook, and similar accounts.

☒ **Specific Property Description:** The Property includes, but is not limited by, the following:

## ALL RIGHTS TO PAYMENT, WHETHER OR NOT EARNED BY PERFORMANCE, INCLUDING, BUT NOT LIMITED TO, PAYMENT FOR PROPERTY OR SERVICES SOLD, LEASED, RENTED, LICENSED, OR ASSIGNED. THIS INCLUDES ANY RIGHTS AND INTERESTS (INCLUDING ALL LIENS) WHICH I HAVE BY LAW OR AGREEMENT AGAINST ANY ACCOUNT DEBTOR OR OBLIGOR, INCLUDING, BUT NOT LIMITED TO, ASSIGNMENT OF CONTRACT FROM THE BROWNDREW GROUP, INC. IN THE AMOUNT OF $1,145,990.00 FOR THE CONSTRUCTION OF THE SOCIAL SECURITY ADMINISTRATION OFFICE LOCATED AT 1735 COFFEE PORT ROAD, BROWNSVILLE, HIDALGO COUNTY, TEXAS DATED JUNE 04, 2001.

If this agreement covers timber to be cut, enter real estate description and record owner information: _____

_____

_____

The Property will be used for a ☐ personal ☒ business ☐ agricultural ☐ _____ purpose.

Borrower/Owner State of organization/registration (if applicable) _____

## ADDITIONAL TERMS OF THE SECURITY AGREEMENT

**GENERALLY** - This agreement secures this note and any other debt I have with you, now or later. However, it will not secure other debts if you fail with respect to such other debts, to make any required disclosure about this security agreement or if you fail to give any required notice of the right of rescission. If property described in this agreement is located in another state, this agreement may also, in some circumstances, be governed by the law of the state in which the Property is located.

**NAME AND LOCATION** - My name indicated on page 1 is my exact legal name. If I am an individual, my address is my principal residence. If I am not an individual, my address is the location of my chief executive offices or sole place of business. If I am an entity organized and registered under state law, my address is located in the state in which I am registered, unless otherwise indicated on page 2. I will provide verification of registration and location upon your request. I will provide you with at least 30 days notice prior to any change in my name, address, or state of organization or registration.

**OWNERSHIP AND DUTIES TOWARD PROPERTY** - I represent that I own all of the Property, or to the extent that this is a purchase money security interest I will acquire ownership of the Property with the proceeds of the loan. I will defend it against any other claim. Your claim to the Property is ahead of the claims of any other creditor. I agree to do whatever you require to protect your security interest and to keep your claim in the Property ahead of the claims of other creditors. I will not do anything to harm your position. I will not use the Property for a purpose that will violate any laws or subject the Property to forfeiture or seizure.

I will keep books, records and accounts about the Property and my business in general. I will let you examine these records at any reasonable time. I will prepare any report or accounting you request, which deals with the Property.

I will keep the Property in my possession and will keep it in good repair and use it only for the purpose(s) described on page 3 of this agreement. I will not change this specified use without your express written permission. I represent that I am the original owner of the Property and, if I am not, that I have provided you with a list of prior owners of the Property.

I will keep the Property at my address listed on page 1 of this agreement, unless we agree I may keep it at another location. If the

**PURCHASE MONEY SECURITY INTEREST** - For the sole purpose of determining the extent of a purchase money security interest arising under this security agreement: (a) payments on any nonpurchase money loan also secured by this agreement will not be deemed to apply to the Purchase Money Loan, and (b) payments on the Purchase Money Loan will be deemed to apply first to the nonpurchase money portion of the loan, if any, and then to the purchase money obligations in the order in which the items of collateral were acquired or if acquired at the same time, in the order selected by you. No security interest will be terminated by application of this formula. "Purchase Money Loan" means any loan the proceeds of which, in whole or in part, are used to acquire any collateral securing the loan and all extensions, renewals, consolidations and refinancing of such loan.

**PAYMENTS BY LENDER** - You are authorized to pay, on my behalf, charges I am or may become obligated to pay to preserve or protect the secured property (such as property insurance premiums). You may treat these payments as advances and add them to the unpaid principal under the note secured by this agreement or you may demand immediate payment of the amount advanced.

**INSURANCE** - I agree to buy insurance on the Property against the risks and for the amounts you require and to furnish you continuing proof of coverage. I will have the insurance company name you as loss payee on any such policy. You may require added security if you agree that insurance proceeds may be used to repair or replace the Property. I will buy insurance from a firm licensed to do business in the state where you are located. The firm will be reasonably acceptable to you. The insurance will last until the Property is released from this agreement. If I fail to buy or maintain the insurance (or fail to name you as loss payee) you may purchase it yourself.

**WARRANTIES AND REPRESENTATIONS** - If this agreement includes accounts, I will not settle any account for less than its full value without your written permission. I will collect all accounts until you tell me otherwise. I will keep the proceeds from all the accounts and any goods which are returned to me or which I take back in trust for you. I will not mix them with any other property of mine. I will deliver them to you at your request. If you ask me to pay you the full price on any returned items or items retaken by myself, I will do so. You

**02-0011518240**
**12/03/2001 05:00 PM**

FILED
TEXAS
SOS    SECRETARY OF STATE

4499210002

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER (optional)

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

ELSA STATE BANK & TRUST CO.
WESLACO BANKING CENTER
203 E. BUSINESS 83, SUITE A
WESLACO, TX 78596

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| TRIAD BUILDERS, INC. | | | | |

| 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 2300 W. PIKE BLVD. | WESLACO | TX | 78596 | |

| 1d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID #, if any |
|---|---|---|---|---|
| 74-2694982 | | CORPORATION | TEXAS | ☒ NONE |

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| | | | | |

| 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

| 2d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any |
|---|---|---|---|---|
| | | | | ☒ NONE |

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| ELSA STATE BANK & TRUST CO. WESLACO BANKING CENTER | | | | |

| 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | WESLACO | TX | 78596 | |

4. This FINANCING STATEMENT covers the following collateral:

ASSIGNMENT OF CONTRACT FROM THE BROWNDREW, LLC. GROUP, INC. IN THE AMOUNT OF $1,145,990.00 FOR THE CONSTRUCTION OF THE SOCIAL SECURITY ADMINISTRATION OFFICE LOCATED AT 1735 COFFEE PORT ROAD, BROWNSVILLE, CAMERON COUNTY, TEXAS, DATED JUNE 04, 2001.

EXHIBIT
2

5. ALTERNATIVE DESIGNATION (if applicable): ☐ LESSEE/LESSOR ☐ CONSIGNEE/CONSIGNOR ☐ BAILEE/BAILOR ☐ SELLER/BUYER ☐ AG. LIEN ☐ NON-UCC FILING

6. ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS.    Attach Addendum [if applicable] | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE] [optional] ☐ All Debtors ☐ Debtor 1 ☐ Debtor 2

8. OPTIONAL FILER REFERENCE DATA

Bankers Systems, Inc., St. Cloud, MN Form UCC-1-LAZ 9/13/2000

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT (FORM UCC1) (REV. 07/29/98)

# ESB

# ELSA STATE BANK & TRUST Co.

Ted P. Sunderland
Executive Vice President - Secretary to the Board

July 12, 2001

Thomas Boucher
Browndrew, LLC
656 W. Randolph St. Suite 400
Chicago, Illinois  60661

Ref:  Triad Builders Inc.

Dear Mr. Boucher:

Effective June 27, 2001, the Elsa State Bank & Trust Co. has extended a loan to Triad Builders, Inc.  This loan and other indebtedness are secured in part by your contract dated June 4, 2001 in the amount of $1,145,990.00.

Please make all future checks representing payments by you to Triad Builders, Inc. and Elsa State Bank & Trust Co.  Joint payments should continue until obligations to us are paid in full.

Please acknowledge by signing the enclosed copy and return to me as soon as possible.

Sincerely,

Ted P. Sunderland
Executive Vice President

Approved:

Triad Builders, Inc.

By: _____
Robert Susen
President

Acknowledged:

Browndrew, LLC

By _____
Thomas Boucher

WESLACO BANKING CENTER
203 E. Business 83, Suite A
Weslaco, Texas 78596
956.968-8645
FAX 956.968-4748

EXHIBIT
3