IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

AUG - 1 2002

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| BROWNDREW, L.L.C.<br>Plaintiff | *<br>*<br>*<br>* | |
| VS. | * | CIVIL ACTION NO. B-02-137 |
| | * | |
| TRIAD BUILDERS, INC.; ELSA STATE<br>BANK & TRUST CO.; G & T PAVING<br>CO.; AQUA TECH; VILLANUEVA<br>FENCE & SUPPLY CO.,; VALLEY<br>BUILDERS CO.,; ROBERT'S<br>WELDING & FABRICATORS, INC.;<br>BOWMAN DISTRIBUTING<br>COMPANY, INC.; OMEGA SYSTEMS;<br>GALVAN SHEET METAL SHOP;<br>RAYMOND ROOFING, INC.;<br>EDMANN'S COMMERCIAL REFRI-<br>GERATION & A/C; SKIPPER'S REPAIR<br>PLUMBING; RZB, INC., d/b/a GLOBAL<br>ELECTRIC; LIFETIME INDUSTRIES;<br>BEN'S GLASS AND METAL;<br>KENAMRK, INC.; GABRIEL<br>ALCANTAR; ALFREDO GUTIERREZ<br>M & M COMMERCIAL LAWN<br>SERVICES, INC.; G.D. LOZANO,;<br>KEVIN COMIER; JCO SPECIALISTS;<br>OPENING SPECIALTIES AND SUPPLY,<br>INC., DAL-TILE CORPORATION; DEA<br>SPECIALTIES, CO., LTD.; LCM<br>MANAGEMENT, CO., INC. d/b/a<br>SOUTH TEXAS FLAG; STAR<br>BUILDING SYSTEMS; MARIO MARON<br>D & B GENERAL CLEANING; GT<br>BLINDS, INC.; ROBERT MARISCAL<br>THER SHERWIN-WILLIAMS<br>COMPANY; THE STRIPING COMPANY<br>ROBERTO GOMEZ; A&J PAVING;<br>HOPE LUMBER & SUPPLY CO., L.P.<br>CONSOLIDATED ELECTRIC<br>DISTRIBUTORS, INC.; PALMVIEW<br>GLASS & MIRROR, INC.; and ENCINAL<br>INVESTMENTS, INC.<br>Defendants | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* | COMPLAINT IN INTERPLEADER |

## DEFENDANT THE SHERWIN-WILLIAMS COMPANY ORIGINAL ANSWER AND JURY DEMAND

COMES NOW THE SHERWIN-WILLIAMS COMPANY, Defendant in the above entitled and numbered cause, and files this its Original Answer and Jury Demand in response to Plaintiffs' Complaint in Interpleader, and in support thereof, would show the Court as follows:

### ANSWER TO COMPLAINT IN INTERPLEADER

1. This Defendant admits that it is a citizen of a foreign state such that it would be diverse from a Texas citizen filing as Plaintiff in this matter. This Defendant is without knowledge or information sufficient to enable it to admit or deny the truth of the allegations in Paragraph 1 of Plaintiffs' Complaint in Interpleader.

2. This Defendant admits the factual allegations regarding its citizenship and agent for service of process in Paragraph 2(hh). This Defendant is without knowledge or information sufficient to enable it to admit or deny the truth of the allegations in Paragraph 2 of Plaintiffs' Complaint in Interpleader.

3. This Defendant admits that this Court would have in personam jurisdiction over funds in excess of $500 interpled into this Court in an action which properly met the requirements of an interpleader action and which possessed diversity jurisdiction. This Defendant is without knowledge or information sufficient to enable it to admit or deny the truth of the remainder of the allegations in Paragraph 3 of Plaintiffs' Complaint in Interpleader, in that it is without knowledge of information sufficient to enable it to admit or deny the amount of funds deposited in the registry of the Court and/or the citizenship of the parties upon which the allegation of the diversity jurisdiction of this Court is based.

4. This Defendant admits the factual allegations in Paragraph 4 of Plaintiffs' Complaint in Intervention.

5. This Defendant is without knowledge or information sufficient to enable it to admit or deny the truth of the factual allegations in Paragraph 5 of Plaintiffs' Complaint in Interpleader, and therefore, denies same.

6. This Defendant admits it received notice of the filing of the Affidavit of Completion referenced in Paragraph 6. This Defendant is without knowledge or information sufficient to enable it to admit or deny the truth of the remainder of the allegations in Paragraph 6 of Plaintiffs' Complaint in Interpleader, and therefore, denies same.

7. This Defendant admits that it provided goods and services to the Property at issue pursuant to an agreement with Triad Builders, Inc., and that it submitted a claim, including a lien affidavit, for lack of payment for same in the amount of $7947.42. This Defendant is without knowledge or information sufficient to enable it to admit or deny the truth of the remainder of the allegations in Paragraph 7 of Plaintiffs' Complaint in Interpleader, and therefore, denies same.

8. This Defendant denies that it has refused to perform any work on the Property at issue which is due and owing. This Defendant is without knowledge or information sufficient to enable it to admit or deny the truth of the remainder of the allegations in Paragraph 8 of Plaintiffs' Complaint in Interpleader, and therefore, denies same.

9. There is no Paragraph 9 in Plaintiffs' Complaint in Interpleader, and therefore no response is required.

10. There is no Paragraph 10 in Plaintiffs' Complaint in Interpleader, and therefore no response is required

11. There is no Paragraph 11 in Plaintiffs' Complaint in Interpleader, and therefore no response is required.

12. This Defendant denies that any party has any valid claims against it regarding the performance of its work, quality of materials supplied, or failure or refusal

to perform warranty or remedial work. This Defendant is without knowledge or information sufficient to enable it to admit or deny the truth of the remainder of the allegations in Paragraph 12 of Plaintiffs' Complaint in Interpleader, and therefore, denies same.

13. This Defendant admits that it has in no way colluded with Plaintiff concerning the matters of this cause, and that it has not indemnified Plaintiff in any way. This Defendant is without knowledge or information sufficient to enable it to admit or deny the truth of the remainder of the allegations in Paragraph 13 of Plaintiffs' Complaint in Interpleader, and therefore, denies same.

14. This Defendant is without knowledge or information sufficient to enable it to admit or deny the truth of the allegations in Paragraph 14 of Plaintiffs' Complaint in Interpleader.

15. This Defendant is without knowledge or information sufficient to enable it to admit or deny the truth of the allegations in Paragraph 15 of Plaintiffs' Complaint in Interpleader.

## AFFIRMATIVE DEFENSES

16. Defendant affirmatively pleads, in the alternative, that to the extent any non-performance of any work is claimed against it, any such non-performance which may have occurred was excused by the prior lack of performance by Triad Builders.

17. Defendant reserves the right to raise such additional defenses as may become available through investigation and discovery and to seek leave to amend this Answer as may be justified by the law and facts after same.

## JURY DEMAND

32. Defendant hereby requests a trial by jury.

WHEREFORE, Defendant The Sherwin Williams Company prays that upon final trial and hearing hereof, he have judgment in accordance with the law and facts as found by this Honorable Court and Jury, and for such other and further relief, legal or equitable, general or special, to which he may show himself justly entitled to receive.

Respectfully submitted,

RODRIGUEZ, COLVIN & CHANEY, L.L.P.

By: _____
Alison Kennamer
Attorney-in-Charge
State Bar No. 11280400
Federal Admissions No. 12023
      Eduardo Roberto Rodriguez
State Bar No. 17144000
Federal Admissions No. 1944
1201 East Van Buren
Post Office Box 2155
Brownsville, Texas 78522
(956) 542-7441
Fax (956) 541-2170

ATTORNEYS FOR DEFENDANT,
THE SHERWIN-WILLIAMS COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served upon all counsel of record, to-wit:

>William L. Rentfro
>Rentfro, Faulk & Blakemore, L.L.P.
>185 East Ruben Torres Blvd.
>Brownsville, Texas 78520
>Attorney for Stakeholder/Plaintiff
>
>Lance Alan Kirby
>Jones Galligan et al
>2300 W. Pike Blvd., Ste. 300
>Weslaco, Texas 78596
>
>Jerry Lee Stapleton
>Stapleton, Curtis et al
>PO Box 2644
>Harlingen, Texas 78551
>
>Edmann's Commercial Refrigeration & A/C
>C/O Eduardo Martinez, Owner
>705 S. San Antionio
>San Juan, Texas 78589
>
>Marshall R. Ray
>Ransome and Ray, P.C.
>550 E. Levee Street
>Brownsville, Texas 78520-5343
>
>Daniel G. Rios
>Law Offices of Daniel Rios
>323 Nolana Loop
>McAllen, Texas 78504
>
>G D Lozano
>PO Box 854
>La Feria, Texas 78559
>
>George Sam Drugan, III
>LeLaurin & Adams
>800 Broadway
>San Antonio, Texas 78215

M Steven Deck
Law Offices of John King
3409 N. 10th Street
Suite 100
McAllen, Texas 78501

Kittleman Thomas, et al
PO Box 1416
McAllen, Texas 78504

Robert L. Eden
Matthew Carlton, et al
8131 LBJ Fwy
Suite 700
Dallas, Texas 75251

Mauro L. Reyna, III
PO Box 969
Penitas, Texas 78576

by certified mail, return receipt requested, facsimile transmission, and/or hand delivery pursuant to the Texas Rules of Civil Procedure on this the 1st day of August, 2002.

_____
Alison D. Kenhamer