IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

AUG 0 1 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| BROWNDREW, L.L.C., | § | |
| Vs. | § | CIVIL NO. B-02-137 |
| TRIAD BUILDERS, INC, ET AL | § | |

### DEFENDANT'S ANSWER TO PLAINTIFF PETITION FOR INTERPLEADER

TO THE HONORABLE JUDGE OF SAID COURT:

G & T PAVING CO., a Sole Proprietor, Defendant, files this his answer to Plaintiff BROWNDREW, L. L. C.'s Complaint in Interpleader and would show the Court the following:

1. Pursuant to Federal Rule of Civil Procedure 22, the Plaintiff does not have jurisdiction over this matter for the reason that there is not complete diversity of citizenship over each claimant, specifically STAR BUILDING SYSTEMS has the same citizenship with the State of Illinois, as the Plaintiff.

**Answer:** Defendant denies that the Court has in personam jurisdiction over the funds to be deposited into the registry of this Court, the allegations of paragraph 1.

2. Upon information and belief, the Plaintiff is a limited liability company organized and existing under the laws of the State of Illinois with its principal place of business in Chicago, Cook County, Illinois.

**Answer:** Defendant admits the allegations of paragraph 2 (a.)

2. (a) Upon information and belief, the Defendant, G & T PAVING CO. is a sole proprietorship of Abel Gonzales doing business under that company name.

**Answer:** The Defendant G & T Paving Co. admits the allegation of paragraph 2 (d).

3. Pursuant to Federal Rule of Civil Procedure 22, the Plaintiff does not have jurisdiction over this matter for the reason that there is not complete diversity of citizenship over each claimant, specifically STAR BUILDING SYSTEMS has the same citizenship with the State of Illinois, as the Plaintiff.

**Answer:** The Defendant denies the allegations of Paragraph 3.

4. If this Court has no jurisdiction over the subject matter of this case, then venue is not proper in this county, as well.

**Answer:** The Defendant denies the allegation of paragraph 4.

5. Based on the information available to Defendant, there was a contract between Plaintiff and Defendant Triad Builders, Inc.

**Answer:** The Defendant admits the allegations of paragraph 5.

6. The Defendant entered into a subcontract construction agreement with Triad Builders but has no personal knowledge of the actions of the Plaintiff regarding a sale to a third party or the actions of Plaintiff and other third parties set out in Paragraph 6.

**Answer:** Based on the information available to the Defendant, this Defendant cannot admit or deny the allegations of paragraph 6.

7. The Defendant has no personal knowledge of the matters set out in paragraph 7.

**Answer:** Based on the information available to the Defendant, this Defendant cannot admit or deny the allegations of paragraph 7.

8. The Defendant has no personal knowledge of the matters set out in paragraph 8.

**Answer:** Based on the information available to the Defendant, this Defendant cannot admit or deny the allegations of paragraph 8.

9. The Defendant has no personal knowledge of the matters set out in paragraph 12.

**Answer:** Based on the information available to the Defendant, this Defendant cannot admit or deny the allegations of paragraph 12.

10. The defendant has no personal knowledge of the matters set out in paragraph 13.

**Answer:** Based on the information available to the Defendant, this Defendant cannot admit or deny the allegations of paragraph 13.

11. The defendant has no personal knowledge of the matters set out in paragraph 14.

**Answer:** Based on the information available to the Defendant, this Defendant cannot admit or deny the allegations of paragraph 14.

12. The defendant has no personal knowledge of the matters set out in paragraph 15.

**Answer:** Based on the information available to the Defendant, this Defendant cannot admit or deny the allegations of paragraph 15.

**WHEREFORE, PREMISES CONSIDERED,** the Defendant G & T Paving Co. pray that the Defendant BROWNDREW, L.L.C. take nothing by way of its counterclaims and for such other further relief, at law or in equity, general or special, to which Defendant may be justly entitled.

Respectfully submitted,

G & T Paving Co., Defendant

By: _____
Abel Gonzales, d.b.a. G & T Paving, Pro Se
P. O. Box 5136
Brownsville, Texas 78520

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has on this the 1st day of August, 2002, been forwarded via certified mail, return receipt requested, to:

Hon. William L. Rentfro
RENTFRO, FAULK, & BLAKEMORE, L.L.P.
185 Ruben Torres Blvd.
Brownsville, Texas 78520
(Cm- RRR No. 7001 0320 0005 5524 0424

_____
Abel Gonzales