IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

BROWNSVILLE DIVISION

| | | |
|---|---|---|
| BROWNDREW L.L.C., | * | |
| Plaintiff | | |
| VS. | | |
| TRIAD BUILDERS, INC.; ELSA STATE BANK & TRUST CO; G&T PAVING CO.; AQUA TECH; VILLANUEVA FENCE & SUPPLY CO.; VALLEY BUILDERS CO.; ROBERT'S WELDING & FABRICATORS, INC.; OMEGA SYSTEMS; GALVAN SHEET METAL SHOP; RAYMOND ROOFING, INC.; EDMANN'S COMMERCIAL REFRIGER- ATION & A/C; SKIPPER REPAIR PLUMBING; RZB, INC. D/B/A GLOBAL ELECTRIC; LIFETIME INDUSTRIES; BEN'S GLASS AND METAL; KENMARK, INC.; GABRIEL ALCANTAR; ALFREDO GUTIERREZ; M&M COMMERCIAL LAWN SERVICES, INC.; G.D. LOZANO; KEVIN COMIER; JCO SPECIALTIES; OPENING SPECIALTIES AND SUPPLY, INC.; DAL- TILE CORPORATION; DEA SPECIALTIES CO., LTD; LCM MANAGEMENT CO.,INC. D/B/A SOUTH TEXAS FLAG; STAR BUILDING SYSTEMS; MARIO MARON; D&B GENERAL CLEANING; G.T. BLINDS, INC.; ROBERT MARISCAL; THE SHERWIN-WILLIAMS COMPANY; THE STRIPING COMPANY; ROBERT GOMEZ; A&J PAVING; HOPE LUMBER & SUPPLY CO., L.P.; CONSOL- IDATED ELECTRIC DISTRIBUTORS, INC.; PALMVIEW GLASS & MIRROR, INC; AND ENCINAL INVESTMENTS; INC. | * | C.A. NO. B-02-137 |
| Defendants | * | |

United States District Court
Southern District of Texas
FILED

AUG 2 6 2002

Michael N. Milby
Clerk of Court

**DEFENDANT ALFREDO GUTIERREZ' ORIGINAL ANSWER AND COUNTERCLAIM**        1

DEFENDANT ALFREDO GUTIERREZ' ORIGINAL ANSWER AND COUNTERCLAIM

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant ALFREDO GUTIERREZ, and files this his Original Answer to Plaintiff's Complaint and, in support thereof, would respectfully show the Court as follows:

1. No answer is necessary with respect to Paragraph 1 of Plaintiff's Complaint.

2.1 No answer is necessary with respect to Paragraph 2(a) of Plaintiff's Complaint.

2.2 No answer is necessary with respect to Paragraph 2(b) of Plaintiff's Complaint.

2.3 No answer is necessary with respect to Paragraph 2(c) of Plaintiff's Complaint.

2.4 No answer is necessary with respect to Paragraph 2(d) of Plaintiff's Complaint.

2.5 No answer is necessary with respect to Paragraph 2(e) of Plaintiff's Complaint.

2.6 No answer is necessary with respect to Paragraph 2(f) of Plaintiff's Complaint.

2.7 No answer is necessary with respect to Paragraph 2(g) of Plaintiff's Complaint.

2.8 No answer is necessary with respect to Paragraph 2(h) of Plaintiff's Complaint.

2.9 No answer is necessary with respect to Paragraph 2(i) of Plaintiff's Complaint.

2.10 No answer is necessary with respect to Paragraph 2(j) of

Plaintiff's Complaint.

2.11  No answer is necessary with respect to Paragraph 2(k) of Plaintiff's Complaint.

2.12  No answer is necessary with respect to Paragraph 2(l) of Plaintiff's Complaint.

2.13  No answer is necessary with respect to Paragraph 2(m) of Plaintiff's Complaint.

2.14  No answer is necessary with respect to Paragraph 2(n) of Plaintiff's Complaint.

2.15  No answer is necessary with respect to Paragraph 2(o) of Plaintiff's Complaint.

2.16  No answer is necessary with respect to Paragraph 2(p) of Plaintiff's Complaint.

2.17  No answer is necessary with respect to Paragraph 2(q) of Plaintiff's Complaint.

2.18  No answer is necessary with respect to Paragraph 2(r) of Plaintiff's Complaint.

2.19  No answer is necessary with respect to Paragraph 2(s) of Plaintiff's Complaint.

2.20  Defendant admit the allegations contained in Paragraph 2(t) of Plaintiff's Complaint.

2.21  No answer is necessary with respect to Paragraph 2(u) of Plaintiff's Complaint.

2.22  No answer is necessary with respect to Paragraph 2(v) of Plaintiff's Complaint.

2.23  No answer is necessary with respect to Paragraph 2(w) of

Plaintiff's Complaint.

2.24  No answer is necessary with respect to Paragraph 2(x) of Plaintiff's Complaint.

2.25  No answer is necessary with respect to Paragraph 2(y) of Plaintiff's Complaint.

2.26  No answer is necessary with respect to Paragraph 2(z) of Plaintiff's Complaint.

2.27  No answer is necessary with respect to Paragraph 2(aa) of Plaintiff's Complaint.

2.28  No answer is necessary with respect to Paragraph 2(bb) of Plaintiff's Complaint.

2.29  No answer is necessary with respect to Paragraph 2(cc) of Plaintiff's Complaint.

2.30  No answer is necessary with respect to Paragraph 2(dd) of Plaintiff's Complaint.

2.31  No answer is necessary with respect to Paragraph 2(ee) of Plaintiff's Complaint.

2.32  No answer is necessary with respect to Paragraph 2(ff) of Plaintiff's Complaint.

2.32  No answer is necessary with respect to Paragraph 2(gg) of Plaintiff's Complaint.

2.33  No answer is necessary with respect to Paragraph 2(hh) of Plaintiff's Complaint.

2.44  No answer is necessary with respect to Paragraph 2(ii) of Plaintiff's Complaint.

2.45  No answer is necessary with respect to Paragraph 2(jj) of

Plaintiff's Complaint.

2.45  No answer is necessary with respect to Paragraph 2(kk) of Plaintiff's Complaint.

2.46  No answer is necessary with respect to Paragraph 2(ll) of Plaintiff's Complaint.

2.47  No answer is necessary with respect to Paragraph 2(mm) of Plaintiff's Complaint.

2.48  No answer is necessary with respect to Paragraph 2(nn) of Plaintiff's Complaint.

2.49  No answer is necessary with respect to Paragraph 2(oo) of Plaintiff's Complaint.

3. Defendant admits the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4. Defendant admits the allegations contained in Paragraph 3 of Plaintiff's Complaint.

5. Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6. Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7. Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8. Defendant admits the allegation in the first sentence of Paragraph 8 of Plaintiff's Complaint. Defendant specially denies

the allegations contained in the last sentence of Paragraph 8 of Plaintiff's Complaint.

9. Defendant specially denies the allegations contained in paragraph 12 of Plaintiff's Complaint.

10. Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 13 of Plaintiff's Complaint.

11. Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 14 of Plaintiff's Complaint.

12. Defendant specifically denies the allegations contained in Paragraph 15 of Plaintiff's Complaint.

13. Defendant specifically denies the allegations contained in the prayer of Plaintiff's Complaint.

14. Defendant specifically denies all allegations contained in Plaintiff's Complaint not otherwise admitted or denied.

## DEFENDANT'S COUNTERCLAIM

Comes now Defendant ALFREDO GUTIERREZ and would show that he provided services to BROWNDREW,L.L.C. on February 8, 2002, with an invoice forwarded in the amount of $3,510.00 and on February 25, 2002, with an invoice forwarded in the amount of $7,260.00 for a total sum due of $10,770.00. Defendant herein makes demand for payment from Plaintiff in that amount plus interest and costs associated with failure to pay said monies when due.

Furthermore as a result of Plaintiff's allegations contained in Plaintiff's Complaint that Defendant had to retain the services of

Alfredo Padilla, a licensed attorney, to represent his interest and seeks reasonable attorney fees, costs and interest associated with the collection of the monies owed to Defendant herein and Defendant seeks reasonable attorney fees, court costs, and other reasonable expenses of litigation against Plaintiff Browndrew, L.L.C.

WHEREFORE PREMISES CONSIDERED, Defendant ALFREDO GUTIERREZ pray that Plaintiff's suit be dismissed with prejudice or in the alternative that all monies due to Defendant be paid by Plaintiff including interest and costs, and that Defendant be awarded reasonable attorney's fees, court costs, and other reasonable expenses of litigation against Plaintiff, and such other and further relief to which Defendant ALFREDO GUTIERREZ may be justly entitled, at law or in equity.

Respectfully Submitted,

ALFREDO PADILLA
Federal Bar No. 3875
Texas State Bar No. 15404600
Attorney for Defendant
  ALFREDO GUTIERREZ
1000 E. Van Buren
Brownsville, Texas 78520
(956) 544-7100
Fax (956) 544-0647

**DEFENDANT ALFREDO GUTIERREZ' ORIGINAL ANSWER AND COUNTERCLAIM**   7

## CERTIFICATE OF SERVICE

I, ALFREDO PADILLA, do hereby certify on the 26th day of August, 2002, that a true and correct copy of the above and foregoing Defendant Alfredo Gutierrez' Original Answer and Counterclaim was mailed, postage prepaid certified mail, return receipt requested 7001 2510 0001 4522 4327 to Plaintiff counsel at:

> Hon. William Rentfro
> RENTFRO, FAULK & BLAKEMORE, LLP
> 185 E. Ruben Torres Boulevard
> Brownsville, Texas 78520

ALFREDO PADILLA