IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| BROWNDREW, L.L.C. § <br> § <br> Plaintiff and Counter Defendant § <br> § <br> V. § <br> § <br> TRIAD BUILDERS, INC.; ELSA STATE § <br> BANK & TRUST.; G&T PAVING CO.; § <br> AQUA TECH; VILLANUEVA FENCE & § <br> SUPPLY CO.; VALLEY BUILDERS CO.; § <br> ROBERT'S WELDING & FABRICATORS, § <br> INC.; BOWMAN DISTRIBUTING CO., INC.; § <br> OMEGA SYSTEMS; GALVAN SHEET § <br> METAL SHOP; RAYMOND ROOFING, INC.;§ <br> SKIPPER'S REPAIR PLUMBING; RZB, INC.,§ <br> d/b/a GLOBAL ELECTRIC et al. § <br> § <br> Defendants § | United States District Court <br> Southern District of Texas <br> FILED <br><br> AUG 2 6 2002 <br><br> Michael N. Milby <br> Clerk of Court <br><br> CASE NUMBER:   B-02-137 |

## ORIGINAL ANSWER and COUNTERCLAIM
## OF DEFENDANT RZB, INC. d/b/a GLOBAL ELECTRIC

RZB, INC. d/b/a GLOBAL ELECTRIC ("GLOBAL"), Defendant in this action, files this answer to Plaintiff's Complaint in Interpleader and would respectfully show as follows:

1. Defendant, GLOBAL, is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of Plaintiff's Complaint.

2. Defendant, GLOBAL, is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 of Plaintiff's Complaint with the exception of Paragraphs 2(b) and (o) to which Defendant admits.

3. Defendant, GLOBAL, is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 of Plaintiff's Complaint.

4. Defendant, GLOBAL, admits the allegations of Paragraph 4 of Plaintiff's Complaint.

5. Defendant, GLOBAL, is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 of Plaintiff's Complaint.

6. Defendant, GLOBAL, is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 of Plaintiff's Complaint.

7. Defendant, GLOBAL, is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 of Plaintiff's Complaint, with the exception of the allegation that Defendant Triad has or could have a claim against some of the funds, made the basis of this complaint, which Defendant denies.

8. Defendant, GLOBAL, denies the allegations of Paragraph 8 of Plaintiff's Complaint, with the exception of the allegation that Plaintiff is faced with the possibility of multiple liability and costs, which Defendant admits.

9. Defendant, GLOBAL, denies the allegations of Paragraph Numbered 12 of Plaintiff's Complaint, with the exception of the allegation that Plaintiff neither has nor claims any interest in the funds currently being held on its behalf by the Title Company, which Defendant admits.

10. Defendant, GLOBAL, admits the allegation of Paragraph Numbered 13 of Plaintiff's Complaint, but only as to this defendant, and denies the allegation that Plaintiff is not in any manner indemnified by any of said defendants to the extent that the Defendant Triad has defense and indemnity obligations to Plaintiff under the Tex. Prop. Code §53. Defendant GLOBAL, is without knowledge or

        information sufficient to form a belief as to the truth of the remaining allegations of the Paragraph Numbered 13 of Plaintiff's Complaint.

11. Defendant, GLOBAL, is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph Numbered 14 of Plaintiff's Complaint.

12. Defendant, GLOBAL, denies the allegation of Paragraph Numbered 15 of Plaintiff's Complaint.

## ORIGINAL COUNTERCLAIM

RZB, INC. d/b/a GLOBAL ELECTRIC ("GLOBAL"), Defendant, pursuant to F.R.C.P. Rule 13, asserts the following counterclaim against the Plaintiff, BROWNDREW, L.L.C. ("BROWNDREW") and would respectfully show as follows:

1. Plaintiff BROWNDREW has filed its complaint in the above action and has submitted itself to the jurisdiction of this court, thereby entitling Defendant/Counter Plaintiff, GLOBAL, to file a counterclaim herein.

2. GLOBAL would respectfully show that it entered into a contract and agreement with TRIAD BUILDERS, INC. ("TRIAD") for installation by GLOBAL of light fixtures, electrical panels, fire alarm system, telephone system, and allied labor and materials for electrical system ("Work") in connection with one certain construction project commonly known as the SSA-Bro, Drew Group project located at 1735 Coffeeport Road, Brownsville, Cameron County, Texas ("Project"). At the time GLOBAL performed its Work, the owner of the Project was Browndrew, LLC ("Former Owner").

3. On April 18, 2002, the Project property was conveyed to SSA BROWNSVILLE. According, in part, on information and belief, and to Plaintiff's Complaint BROWNDREW trapped or retained $258,349.62 from TRIAD and deposited such money with the title company which closed the sale of the project to SSA-BROWNSVILLE.

4. The aforesaid materials and labor were furnished by GLOBAL as a part of construction of improvements by TRIAD, as general contractor, on the real property, which is described in the Affidavit Claiming Mechanic's and Materialman's Lien, a true and correct copy of which is attached hereto marked Exhibit "A" and incorporated herein for all purposes.

5. GLOBAL fully performed all of its obligations pursuant to its agreement with TRIAD. All labor and material furnished by GLOBAL was completed and performed as agreed. All labor performed by GLOBAL was performed in the direct prosecution of the work; all materials delivered were incorporated or consumed (or delivered for such incorporation or consumption) in a building, fixture, or improvement situated on the above described property. GLOBAL fully performed all conditions, covenants, promises and obligations required under the contract and is entitled to be paid the full contract price. The unpaid balance due GLOBAL for its described labor and materials furnished (or, alternatively, the unpaid reasonable value of said labor and materials) is ONE HUNDRED FOURTEEN THOUSAND TWO HUNDRED SIXTY-SEVEN AND 03/100 DOLLARS ($114,267.03).

6. In spite of demand for payment, TRIAD failed and refused to pay said balance of the agreed price due GLOBAL of ONE HUNDRED FOURTEEN THOUSAND TWO HUNDRED SIXTY-SEVEN AND 03/100 DOLLARS ($114,267.03).

7. GLOBAL would further show that the above-described labor and material was furnished for the benefit of TRIAD, either at its specific direct request or with its knowledge and consent. TRIAD accepted and received said materials and labor with knowledge that GLOBAL expected compensation from TRIAD therefore. GLOBAL's said labor and materials benefited TRIAD and were of a reasonable fair market value, as set forth hereinabove, of ONE HUNDRED FOURTEEN THOUSAND TWO HUNDRED SIXTY-SEVEN AND 03/100 DOLLARS ($114,267.03).

8. GLOBAL duly filed its Affidavit Claiming Mechanic's and Materialman's Lien in the Official Public Records of Cameron County, Texas, within the time period prescribed by the Texas Property Code for perfection of mechanic's liens. Said affidavit was filed claiming a mechanic's and materialman's lien on behalf of Plaintiff against the real property (including improvements) described, and which was improved by GLOBAL's labor and materials. See Exhibit "A" attached hereto and incorporated herein for all purposes. GLOBAL's labor and materials are described in Paragraph 2 above, which paragraph is incorporated herein by reference.

9. Prior to the filing of GLOBAL's Affidavit, as pleaded above, GLOBAL provided all notices of claim for its mechanic's and materialman's lien to the Property

Owner at the time, BROWNDREW, and contractor, TRIAD, according to the content and time periods prescribed by the Texas Property Code.

10. GLOBAL made demand upon TRIAD and the BROWNDREW for payment of its mechanic's lien. The lien remains unpaid and outstanding to date hereof. No notice of dispute has been received from TRIAD or Plaintiff/Counter Defendant BROWNDREW with regard to said lien, and same is past due, owing and should be paid by BROWNDREW in accordance with Texas Property Code §53.083 and other relevant sections of said statute.

11. Defendant/Counter Plaintiff, GLOBAL, has fully satisfied and complied with all conditions precedent to the establishment and foreclosure of a valid mechanic's and materialman's lien against the Project property as provided by Texas Property Code §53.001, et seq.

12. Pursuant to Texas Property Code §53, BROWNDREW is personally liable, and its project is liable for the lien perfected by GLOBAL in the amount of ONE HUNDRED FOURTEEN THOUSAND TWO HUNDRED SIXTY-SEVEN AND 03/100 DOLLARS ($114,267.03).

13. The funds alleged to be on escrow at the title company and on deposit for the benefit of GLOBAL and, upon information and belief, constitute trapped funds pursuant to Texas Property Code §53.084 and retained funds pursuant to Texas Property Code §53, Subchapter E for which BROWNDREW is liable to GLOBAL. Accordingly, GLOBAL, seeks recovery from said funds for its lien claim alleged above, in the amount of ONE HUNDRED FOURTEEN

THOUSAND TWO HUNDRED SIXTY-SEVEN AND 03/100 DOLLARS ($114,267.03).

14. GLOBAL seeks recovery and enforcement of all rights and remedies as provided pursuant to Texas Property Code §53.001, et seq.

15. No payment whatsoever has been made on GLOBAL's lien since the lien affidavit was filed on April 15, 2002, in spite of written demands as pleaded above. Therefore, GLOBAL prays for additional recovery against BROWNDREW for GLOBAL's reasonable and necessary attorneys' fees according to Texas Property Code §53.156. GLOBAL seeks recovery of such attorneys' fees in a reasonable and necessary amount through trial hereof. In addition, GLOBAL prays for recovery of reasonable and necessary attorneys' fees for all post trial work in this case.

16. GLOBAL seeks recovery of pre-judgment and post-judgment interest to the extent provided by law.

WHEREFORE, PREMISES CONSIDERED, Defendant/Counter Plaintiff RZB, INC. d/b/a GLOBAL ELECTRIC respectfully prays that:

1. Plaintiff/Counter Defendant take nothing by reason of this suit;

2. Defendant/Counter Plaintiff recover Judgment against Plaintiff/Counter Defendant BROWNDREW, L.L.C., establishing GLOBAL's claim and lien against BROWNDREW and the deposited funds in the amount of ONE HUNDRED FOURTEEN THOUSAND TWO HUNDRED SIXTY-SEVEN AND 03/100 DOLLARS ($114,267.03);

3. GLOBAL further prays for an order of foreclosure of its lien for said amount on the described funds deposited with BROWNDREW's title company;

4.  GLOBAL prays, in addition, for recovery of court costs, and attorneys' fees incurred in this action as pleaded hereinabove;

5.  GLOBAL prays for pre-judgment and post-judgment interest to the extent provided by law; and

6.  GLOBAL prays for such other and further relief to which it may be justly entitled.

Respectfully submitted,

THE GARDNER LAW FIRM
A Professional Corporation
745 East Mulberry Ave., Suite 100
San Antonio, Texas 78212-3149
(210) 733-8191 - Telephone
(210) 733-5538 - Facsimile

By: _____
Thomas J. Walthall, Jr.
State Bar No. 20821600
Brad L. Sklencar
State Bar No. 18474230

**ATTORNEYS FOR DEFENDANT/COUNTER PLAINTIFF RZB, INC. d/b/a GLOBAL ELECTRIC**

CERTIFICATE OF SERVICE

I hereby certify that on this the 23 day of August, 2002, a true and correct copy of the foregoing instrument was forwarded via certified mail – return receipt requested to the following counsel of record:

William L. Rentfro
RENTFRO, FAULK & BLAKEMORE, L.L.P
185 E. Ruben Torres Blvd.
Brownsville, Texas 78520

_____
BRAD L. SKLENCAR



**RZB INC. DBA GLOBAL ELECTRIC**

4705 Towerwood Dr. • Brownsville, Texas 78521
Office: 956/831-5004 • Fax: 956/831-5005

## COVER LETTER SENDING COPIES OF LIEN AFFIDAVIT
April 15, 2002

**Browndrew, LLC.**
656 W. Randolph St., Ste. #400W
Chicago, Illinois 60661

Certified Mail No. 7099 3400 0014 6150 1273
Return Receipt Requested

**Triad Builders, Inc.**
2300 W. Pike Blvd., Ste. #204
Weslaco, Texas 78596

Certified Mail No. 7099 3400 0014 6150 1204
Return Receipt Requested

Re:   Claims of RZB Inc. dba Global Electric; Mechanic's and Materialsman's Lien

Gentlemen:

We are sending you the enclosed copies of RZB Inc. dba Global Electric's Affidavit Claiming Mechanic's and Materialmen's Lien.

In accordance with the Texas Property Code, we notify you again that if the claim described in the attached Affidavit remains unpaid, the owner of the property described may be liable, unless the owner withholds payment from the contractor for the amount of the claim, or it is otherwise settled or paid.

Please contact the undersigned on receipt of this letter so that we may discuss a prompt resolution to this matter.

Sincerely yours,

Rene Z. Barrera
President
RZB Inc. dba Global Electric


Encl.:

Affidavit Claiming Mechanic's and Materialmen's Lien

**EXHIBIT A**

Commercial                                    Industrial                                    Residential



4705 Towerwood Dr. • Brownsville, Texas 78521
Office: 956/831-5004 • Fax: 956/831-5005

## AFFIDAVIT CLAIMING MECHANIC'S LIEN

### NOTICE: THIS IS NOT A LIEN.
### THIS IS ONLY AN AFFIDAVIT CLAIMING A LIEN

### AFFIDAVIT CLAIMING MECHANIC'S AND MATERIALSMAN'S LIEN

STATE OF TEXAS
COUNTY OF CAMERON

BEFORE ME, the undersigned authority, on this day personally appeared Rene Z. Barrera, the undersigned Affiant, who swore on his oath that the following facts are true:

My name is Rene Z. Barrera, I am the President of RZB Inc. dba Global Electric. This Affidavit is made on behalf of RZB Inc. dba Global Electric to perfect the Mechanic's and Materialman's Lien against the real property described below:

1.) RZB Inc. dba Global Electric has an unpaid claim in the amount of $ 114,267.03 for labor and materials furnished on the construction of improvements generally known as the SSA-Bro., Drew Group construction project. The claimed amount of $ 114,267.03 is, within my personal knowledge, just and true, the same is unpaid, and all lawful offsets, payments and credits have been allowed. The claim amount is for labor and materials furnished and described below, on which a systematic record has been kept.

2.) The name and last known address of the owner or reputed owner of the real property and improvements upon which this claim is made is: Browndrew, LLC, 656 W. Randolph, Suite #400W. Chicago, Illinois 60661.

3.) The claim amount of $ 114,267.03 represents the unpaid contract price due claimant, or in the alternative, is the reasonable value of the unpaid portion of RZB Inc. dba Global Electric's labor and materials furnished, which are described below.

4.) RZB Inc dba Global Electric's labor and materials furnished for construction of improvements on the real property described below are generally described as: Furnished and installed light fixtures, electrical panels, fire alarm system, telephone system, and allied labor and materials for electrical system. This claim consists of said work preformed and materials delivered during each of the following months: January 2002, February 2002, March 2002 and Retainage billings for work performed September 2001 thru March 2002.

5.) Claimant furnished the above-described labor and materials under a contract with Triad Builders, Inc. whose last known address is 2300 W. Pike Blvd., Suite #204 Weslaco, Texas 78596.

Commercial                              Industrial                              Residential



4705 Towerwood Dr. • Brownsville, Texas 78521
Office: 956/831-5004 • Fax: 956/831-5005

6.) The name and last known address of the original contractor on the above-referenced project is Triad Builders, Inc. 2300 W. Pike Blvd., Suite #204 Weslaco, Texas 78596.

7.) The legal description of the real property improved by Claimant's above described labor and materials, and which real property and improvements thereon are sought to be charged with RZB Inc dba Global Electric's lien, is: See Exhibit "A" attached, and incorporated herein.

8.) RZB Inc dba Global Electric claims a mechanic's and materialman's lien upon the above-described real property and improvements thereon to secure payment of it's claim in the amount of $ 114,267.03 in accordance with the Texas Property Code.

9.) RZB Inc dba Global Electric's physical address is 4705 Towerwood Dr. Brownsville, Texas 78521. RZB Inc dba Global Electric's mailing address is P.O. Box 3408 Brownsville, Texas 78523-3408.

10.) RZB Inc. dba Global Electric's notice of mechanic's lien was/were sent by United States, certified mail, return receipt requested, on the following date to the addressee indicated: April 15, 2002 to Browndrew, LLC., and RZB Inc dba Global Electric's Retainge Notice letter was sent by United States, certified mail, return receipt requested on the following dates to the addressee indicated: September 26, 2001 and November 8, 2001 both to Browndrew, LLC.

11.) In compliance with the Texas Property Code, RZB Inc. dba Global Electric is sending one copy of this Affidavit to Browndrew, LLC., at its last known address, and also one copy to the above referenced Triad Builders, Inc. at its last known address.

_____
Rene Z. Barrera - President
RZB Inc. dba Global Electric

SUBSCRIBED AND SWORN TO BEFORE ME by the said Rene Z. Barrera this 15th day of April, 2002, to certify which witness my hand and seal of office.

MARIA SALAZAR
Notary Public, State of Texas
My Commission Expires
October 19, 2004

_____
Maria Salazar - Notary Public,
State of Texas

Commercial                    Industrial                    Residential



4705 Towerwood Dr. • Brownsville, Texas 78521
Office: 956/831-5004 • Fax: 956/831-5005

## ACKNOWLEDGMENT

This instrument was acknowledged before me on the 15th day of April, 2002 by Rene Z. Barrera, the President and duly authorized agent of RZB Inc. dba Global Electric, a Texas Corporation, on behalf of said corporation.



MARIA SALAZAR
Notary Public, State of Texas
My Commission Expires
October 19, 2004

Maria Salazar - Notary Public,
State of Texas

AFTER FILING RETURN TO:
RZB Inc. dba Global Electric
P.O. Box 3408
Brownsville, Texas 78523-3408

Commercial                Industrial                Residential





4705 Towerwood Dr. • Brownsville, Texas 78521
Office: 956/831-5004 • Fax: 956/831-5005

### Exhibit A
### Legal Description

1.47 Acre tract of land, more or less, out of Lot 2, block1, Hapco Subdivision in Cameron County, Texas according to the plat of said subdivision, recorded in Cabinet 1, Page 1116-B, Map Records, Cameron County, Texas; and said 1.47 Acre Tract of land being more particularly described as follows:

COMMENCING at a ½ Inch Iron Rod found for the Southwest corner of Lot 2, Block 1 of said Hapco Subdivision, being on the North Right-of-way line of Coffeeport Road (Having an 80' Right-of-way),

THENCE, North 05 Degrees 05 Minutes 04 Seconds East, leaving the North Right-of-way line of Coffeeport Road (Having an 80' Right-of-way), along the East boundary line of a 30 foot Access Easement as shown on the recorded plat of of said Hapoco Subdivision, and along the West boundary lineof Lot 1, Block 1 of said Hapco Subdivision, a distance of 336.31 feet to a 1/2" Inch Iron Rod Found on the South Boundary line of Lot 1, block 1 of said Hapco Subdivision;

THENCE, South 45 Degrees 54 Minutes 56 Seconds East, leaving the West boundary line of Lot 2, Block 1, of said Hapco Subdivision, along the South Boundary Line of Lot 1, Block 1of said Hapco Subdivision and along the North boundary line of lot 2, Block 1 of said Hapco Subdivision, at a distance of 168.33 feet, the Southwest corner of a 1.264 Acre Tract for the Public Utilities Board Electrical Substation recorded in Volume 835, Page 567, of the Deed Records of Cameron County, Texas, at a distance of 168.45 feet and 0.07 feet Right, a ½ Inch Iron Rod Found, and continuing a total distance of193.15 feet for the Northwest Corner of the herein described TRACT 2, and the PLACE OF BEGINNING;

THENCE, continuing South 84 Degrees 54 Minutes 56 Seconds East, along the South Boundary Line of Lot 1, Block 1 of said Hapco Subdivision and along the North boundary line of Lot 2, Block 1 of said Hapco Subdivision, at a distance of 145.18 feet, for the Northeast Corner of this tract;

THENCE, South 05 Degrees 05 Minutes 04 Seconds West, leaving the North boundary line of Lot 2, Block 1 of said Hapco Subdivision, along the West boundary line of said 1264 Acre tract of land, a distance of 459.72 feet to a 5/8 Inch Iron Rod Found at the Southeast corner of Lot 2, Block 1 of said Hapco Subdivision, being on the North Right-of way Line of Coffeeport Road (Having an 80' Right-of-way) and on a Curve to the Right, for the Southeast corner of this tract;

THENCE, along the North Right-of-way Line of Coffeeport Road (Having an 80' Right-of-way), and along said curve to the right, having a radius of 1392.40 feet Delta Angle of 06 Degrees 13 Minutes 21 Seconds, an Arc Length of 151.22 Feet, a Chord Bearing of North 68 Degrees 45 Minutes 38 Seconds West, and a Chord Distance of 151.15 Feet, for the Southwest Corner of this tract;

THENCE, North 05 Degrees 05 Minutes 04 Seconds East, a distance of 417.67 feet to the POINT OF BEGINNING; Containing 63896 Square Feet or 1.47 Acres of land, more or less.

All Dimensions are in feet and decimals thereof.

Basis of Bearings on this Metes and Bounds Description are as per Hapco Subdivision Recorded in Cabinet 1, Page 1116-B, Map Records of Cameron County, Texas.

Commercial              Industrial              Residential