33

United States District Court
Southern District of Texas
FILED

SEP 0 3 2002

Michael N. Milby
Clerk of Court

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **BROWNDREW, L.L.C.** | § | |
| **Plaintiff** | § | |
| | § | |
| | § | **CIVIL ACTION NO. 02-137** |
| **VS.** | § | |
| | § | |
| **TRIAD BUILDERS, INC.; ELSA STATE** | § | **COMPLAINT IN INTERPLEADER** |
| **BANK & TRUST CO.; G&T PAVING CO.;** | § | |
| **AQUA TECH; VILLANUEVA FENCE &** | § | |
| **SUPPLY CO.; VALLEY BUILDERS CO.;** | § | |
| **ROBERT'S WELDING &** | § | |
| **FABRICATORS, INC.; BOWMAN** | § | |
| **DISTRIBUTING CO., INC.; OMEGA** | § | |
| **SYSTEMS; GALVAN SHEET METAL** | § | |
| **SHOP; RAYMOND ROOFING, INC.;** | § | |
| **EDMANN'S COMMERCIAL** | § | |
| **REFRIGERATOIN AND A/C; SKIPPER'S** | § | |
| **REPAIR PLUMBING; RZB, INC. DBA** | § | |
| **GLOBAL ELECTRIC; LIFETIME** | § | |
| **INDUSTRIES; BEN'S GLAS AND** | § | |
| **METAL; KENMARK, INC.; GABRIEL** | § | |
| **ALCANTAR; ALREDO BUTIERREZ;** | § | |
| **M&M COMMERCIAL LAWN** | § | |
| **SERVICES, INC; G.D. LOZANO; KEVIN** | | |
| **COMIER; JOB SPECIALISTS; OPENING** | | |
| **SPECIALTIES AND SUPPLY, INC.; DAL-** | | |
| **TILE CORPORATION; DEA** | | |
| **SPECIALTIES CO., LTD.; LCM** | | |
| **MANAGEMENT CO, INC.; DBA SOUTH** | | |
| **TEXAS FLAG; STAR BUILDING** | | |
| **SYSTEMS; MARIO MARON; D7B** | | |
| **GENERAL CLEANING; G.T. BLINDS,** | | |
| **INC.; ROBERT MARISCAL; THE** | | |
| **SHERWIN-WILLIAMS COMPANY; THE** | | |
| **STRIPING COMPANY; ROBERTO** | | |
| **GOMEZ; A&J PAVING; HOPE LUMBER** | | |
| **& SUPPLY CO., L.P.; CONSOLIDATED** | | |
| **ELECTRICAL DISTRIBUTORS, INC.;** | | |
| **PALMVIEW GLASS & MIRROR, INC.** | | |
| **AND ENCINAL INVESTMENTS, INC.** | | |
| **Defendants** | | |

**DEFENDANT SHERWIN-WILLIAMS COMPANY'S**
**ORIGINAL ANSWER AND COUNTERCLAIM**
Page 1

United States District Court
Southern District of Texas
FILED

SEP 0 3 2002

Michael N. Milby
Clerk of Court

## DEFENDANT SHERWIN-WILLIAMS COMPANY'S
## ORIGINAL ANSWER AND COUNTERCLAIM

To the Honorable Judge of this Court:

Sherwin-Williams Company ("Defendant") files this its Original Answer and

Counterclaim and would show the court the following:

1. Defendant makes the following specific denials to Plaintiff Browndrew, L.L.C.'s

Complaint in Interpleader:

a. Paragraph 1: Defendant is an Ohio corporation authorized to do business in Texas and

regularly transacts business in Cameron County, Texas. Defendant is without

knowledge or information sufficient to form a belief as to the truth of other averments

within.

b. Paragraph 2: Defendant is an Ohio corporation authorized to do business in Texas and

regularly transacts business in Cameron County, Texas. Defendant is without

knowledge or information sufficient to form a belief as to the truth of other

averments.

c. Paragraph 3: Denied.

d. Paragraph 4: Defendant is an Ohio corporation authorized to do business in Texas and

regularly transacts business in Cameron County, Texas. Defendant is without

knowledge or information sufficient to form a belief as to the truth of other

averments.

e. Paragraph 5: Denied. Defendant is without knowledge or information sufficient to

form a belief as to the truth of such averments.

f.  Paragraph 6:  Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of such averments.

g.  Paragraph 7:  Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of such averments.

h.  Paragraph 8:  Denied.

i.  Paragraph 12 [sic]:  Denied.

j.  Paragraph 13:  Denied.

k.  Paragraph 14:  Denied.

l.  Paragraph 15:  Denied.


Subject to a determination that this court has jurisdiction over a civil action of interpleader pursuant to 28 U.S.C. 1335 and that venue is proper in the United States District Court for the Southern District of Texas, Brownsville Division under 28 U.S.C. 1397, Sherwin-Williams Company ("Counter-Plaintiff") makes the following counterclaim:


2.  Counter-Plaintiff entered into a contract with Triad Builders, Inc. ("Triad") to provide materials, specifically paint, varnish and sundries.

3.  Such materials were used to improve real property owned by Browndrew, L.L.C. ("Browndrew") described as follows:

> Lot 2, Block 1, HAPCO Subdivision, a Subdivision in Cameron County, Texas, (now being described as Lot 2, BrownDrew Subdivision) and more commonly known as 1735 Coffee Port Road, Brownsville, Texas

4.  The balance owed on that contract to Counter-Plaintiff is $7,947.42.

5.  Counter-Plaintiff sent notices pursuant to Texas Property Code section 53.083 on
    April 4, 2002 and May 3, 2002.

6.  Counter-Plaintiff filed its affidavit and claim for Mechanic's and Materialman's Lein
    (Subcontractor) in the Real Property Records of Cameron County, Texas on May 31,
    2002 (copy attached as Exhibit "A").

7.  Counter-Plaintiff has performed all conditions precedent to perfect a valid and
    enforceable lien on the property.

8.  Counter-Plaintiff reasonably believes that Browndrew and Triad entered into a
    contract for labor and materials to be used in the construction of improvements on the
    subject property.

9.  Pursuant to Section 53.101 of the Texas Property Code, Browndrew was required to
    withhold and retain from monies due Triad an amount equal to 10% of the contract
    price of the work on the subject property or 10% of the value of the work performed
    by Triad Builders, Inc. for the benefit of Counter-Plaintiff. Counter-Plaintiff has done
    all acts required of it to establish its lien in the sum of $7,947.42 against the 10%
    statutory retainage that Browndrew was required to withhold from Triad.  Browndrew
    is liable to Counter-Plaintiff to the extent of the funds required to be retained under
    Subchapter E of the Texas Property Code.

10. At the time the written notice letter sent by Counter-Plaintiff to Browndrew in
    accordance with Section 53.056 of the Texas Property Code was received by
    Browndrew, Browndrew had not paid Triad the full price of the contract between
    them, and any sums remaining to be paid on said contract to Triad should have been

withheld in an amount sufficient to pay Counter-Plaintiff's claim against Triad in the

sum of $7,947.42 for the reason that said notice letter contained a demand for

payment in accordance with Section 53.083 of the Texas Property Code.  Therefore

Counter-Plaintiff has fully performed all acts necessary to perfect and protect its lien

claim and the right to any funds required to be withheld from Triad by Browndrew in

accordance with Section 53.081 of the Texas Property Code.

11. As far as Counter-Plaintiff knows and believes, Triad did not give Browndrew written

notice that it intended to dispute Counter-Plaintiff's claim.  Browndrew has failed to

pay Counter-Plaintiff the money due and demanded under its notice letter, as well as

for any monies "trapped" by Counter-Plaintiff's notice letter, to the extent of

Counter-Plaintiff's claim in the sum of $7,947.42.

12. Counter-Plaintiff is entitled to recover its attorney's fees in this Court and on appeal

from Browndrew in accordance with Section 53.156 of the Texas Property Code.

## PRAYER

Wherefore, premised considered, Sherwin-Williams Company prays that it have

judgment as follows:

1.  Browndrew, L.L.C. take nothing as against it on its Complaint in Interpleader;

2.  Ordering that Sherwin-Williams Company have a mechanic's and materialman's lien

on the subject property described hereinabove owned by Browndrew, L.L.C., together

with all improvements thereon in the sum of $7,947.42;

**DEFENDANT SHERWIN-WILLIAMS COMPANY'S**
**ORIGINAL ANSWER AND COUNTERCLAIM**
**Page 5**

3. Ordering the rights, title and interest to the subject property and improvements of Browndrew, L.L.C. herein;

4. Ordering the foreclosure of Sherwin-Williams Company's mechanic's and materialman's lien as to the improvments and the subject property as herein alleged and an order of sale of the improvements and the subject property of Sherwin-Williams Company's mechanic's and materialman's lien in the amount of $7,947.42;

5. Establishing Sherwin-Williams Company's mechanic's and materialman's lien against the statutory retainage and trapped funds that was withheld or that should have been withheld by Browndrew, L.L.C. and ordering Browndrew, L.L.C. to pay Sherwin-Williams Company the amount of $7,947.42, or in the alternative, ordering Browndrew, L.L.C. to pay Sherwin-Williams Company its pro rata share of said trapped funds and/or retainage in full settlement of its mechanic's lien claim.

6. For all costs of court incurred herein;

7. For reasonable attorney's fee as herein alleged; and

8. For such other and further relief, both at law or in equity, to which Sherwin-Williams Company may show itself entitled.

Respectfully submitted,

*Gregory E. Turley* (signature)

Gregory E. Turley
Attorney    for    Sherwin-Williams
Company
State Bar No: 00785122
SDTX No. 21940
504 E. Dove Ave., Suite B
McAllen, TX 78504
TEL:  1-888-600-7680
FAX:  1-888-252-7864

## CERTIFICATE OF SERVICE

I CERTIFY that in compliance with the provisions of rule 5, Federal Rules of Civil Procedure, on _August 30_, 2002, I served a true and correct copy of the foregoing document to:

William L. Rentfro
Rentfro, Faulk & Blakemore, LLP
185 E. Ruben Torres Blvd.
Brownsville, TX 78520

*Gregory E. Turley* (signature)

Gregory E. Turley

**DEFENDANT SHERWIN-WILLIAMS COMPANY'S**
**ORIGINAL ANSWER AND COUNTERCLAIM**
**Page 7**

**NOTICE: THIS IS NOT A LIEN.  THIS IS ONLY
AN AFFIDAVIT CLAIMING A LIEN.**

<u>AFFIDAVIT AND CLAIM FOR MECHANIC'S AND MATERIALMAN'S LIEN</u>
(Subcontractor)

STATE OF TEXAS         §
                       §
COUNTY OF CAMERON      §

> EXHIBIT
> 4

    *BEFORE ME*, the undersigned authority, a Notary Public in and for the State of Texas, on this day personally appeared Rick Cullins, who being by me here and now duly sworn, upon oath says:

    "My name is Rick Cullins and I am a Region Manager, Financial Operations of **The Sherwin-Williams Company**, a corporation, whose mailing address is P.O. Box 38469, Dallas, Texas 75238 and whose physical address is 10440 E. Northwest Highway, Dallas, Texas 75238 (hereinafter called "Claimant").  The facts set forth herein are true and correct, and I am competent and authorized to make this Affidavit.

    1.   **SSA Brownsville, LLC**, whose address is 24081 West River Road, P.O. Drawer 417, Grosse Ile, Michigan 48138-0417, is the current owner or reputed owner of the said land and is the current owner or reputed owner of the improvements located thereon.

    2.   **BrownDrew, LLC**, whose address is 656 West Randolph, Suite 400W, Chicago, Illinois 60661, was the previous owner or reputed owner of the said land and was the previous owner or reputed owner of the improvements located thereon.

    3.   Claimant is a subcontractor on the job or that portion thereof for which the hereinafter described material and/or labor was furnished.

4.    Said materials and/or labor were furnished to Triad Builders, Inc., 2300 W. Pike Blvd., Suite 204, Weslaco, Texas 78596, an original contractor of BrownDrew, LLC, owner, pursuant to a contract with such party, it having been furnished for the improvement of property located in Cameron County, Texas, and described as follows:

> Lot 2, Block 1, HAPCO Subdivision, a Subdivision in Cameron County, Texas, (now being described as Lot 2, BrownDrew Subdivision) and more commonly known as 1735 Coffee Port Road, Brownsville, Texas.

5.    The amount of this claim is $7,947.42 and said amount is just, reasonable and unpaid.  Such unpaid work was furnished during the month(s) of February and March, 2002.  A general statement of the kind of work done and/or materials furnished by Claimant is as follows:

> Paint and related materials and supplies.

6.    This lien for the amount shown above is upon the land and the improvements described above.  Notices of Claimant's claim against the owner were sent to the previous owner on May 6 and May 24, 2002, by U.S. certified mail, return receipt requested."

_____
Rick Cullins

SWORN TO AND SUBSCRIBED before me under my official hand and seal of office this _29_ day of May, 2002.

_____
Notary Public, State of Texas
_Linda Peel_
Notary's Printed Name
My Commission Expires: _11-27-04_



LINDA PEEL
MY COMMISSION EXPIRES
NOVEMBER 27, 2004

**AFTER RECORDING RETURN TO:**
Randall F. Adair
Adair, Morris & Osborn, P.C.
1201 Main Street, Suite 2600
Dallas, Texas 75202

F:\wpat\liens\02220.ml

Doc Bk Vol Pg
00029120 OR 8046 229

FILED AND RECORDED
OFFICIAL PUBLIC RECORDS
On: May 31,2002 at 12:02P

Document Number: 00029120

By
Joe G Rivera, County Clerk
Cameron County