United States District Court
Southern District of Texas
FILED

SEP 2 0 2002

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| BROWNDREW, L.L.C., | * | |
| | * | CIVIL ACTION NO. B-02-137 |
| Plaintiff | * | |
| | * | |
| V. | * | |
| | * | COMPLAINT IN |
| TRIAD BUILDERS, INC.; ELSA STATE | * | INTERPLEADER |
| BANK & TRUST CO.; G & T PAVING CO.; | * | |
| AQUA TECH; VILLANUEVA FENCE & | * | |
| SUPPLY CO.; VALLEY BUILDERS CO.; | * | |
| ROBERT'S WELDING & FABRICATORS, | * | |
| INC.; BOWMAN DISTRIBUTING COMPANY, | * | |
| INC.; OMEGA SYSTEMS; GALVAN SHEET | * | |
| METAL SHOP; RAYMOND ROOFING, INC.; | * | |
| EDMANN'S COMMERCIAL REFRIGER- | * | |
| ATION & A/C; SKIPPER'S REPAIR | * | |
| PLUMBING; RZB INC., d/b/a GLOBAL | * | |
| ELECTRIC; LIFETIME INDUSTRIES; | * | |
| BEN'S GLASS AND METAL; KENMARK, | * | |
| INC.; GABRIEL ALCANTAR; ALFREDO | * | |
| GUTIERREZ; M&M COMMERCIAL LAWN | * | |
| SERVICES, INC.; G.D. LOZANO; KEVIN | * | |
| COMIER; JCO SPECIALISTS; OPENING | * | |
| SPECIALTIES AND SUPPLY, INC.; DAL- | * | |
| TILE CORPORATION; DEA SPECIALTIES | * | |
| CO., LTD.; LCM MANAGEMENT CO., INC. | * | |
| d/b/a SOUTH TEXAS FLAG; STAR BUILDING | * | |
| SYSTEMS; MARIO MARON; D&B GENERAL | * | |
| CLEANING; G.T. BLINDS, INC.; ROBERT | * | |
| MARISCAL; THE SHERWIN-WILLIAMS | * | |
| COMPANY; THE STRIPING COMPANY; | * | |
| ROBERTO GOMEZ; A&J PAVING; HOPE | * | |
| LUMBER & SUPPLY CO., L.P.; CONSOL- | * | |
| IDATED ELECTRIC DISTRIBUTORS, INC.; | * | |
| PALMVIEW GLASS & MIRROR, INC.; and | * | |
| ENCINAL INVESTMENTS, INC., | * | |
| Defendants | * | |

RESPONSE TO MOTIONS TO DISMISS                                                              PAGE 1

## PLAINTIFF'S RESPONSE TO DEFENDANT
## LIFETIME INDUSTRIES, INC.'S MOTIONS TO DISMISS

**TO THE HONORABLE JUDGE OF THIS COURT:**

BROWNDREW, L.L.C., plaintiff, files this its response to the Motions of Defendant Lifetime Industries, Inc., to Dismiss this case, and in response thereto would show as follows:

I.

Movant bases its 12(b)(1) Motion to Dismiss on its assertions that:

1. Plaintiff does not have custody and/or control of the property in question. This is incorrect, as the property is currently being held in Plaintiff's name in an account, awaiting this court's order for interpleader. It is the Plaintiff's intention and commitment to deposit these funds into the registry of the court upon the issuance of the requested order of interpleader, or at the first pretrial conference, whichever is earlier.

2. Movant asserts that the court lacks jurisdiction over the funds, city 28 U.S.C. 1335. Plaintiff would agree that the court would lack jurisdiction to determine competing claims to the property were it not paid in; however, there is nothing in the statute that requires the property to be paid into the registry of the court prior to the initial pretrial and issuance of the requested order of interpleader.

3. Interpleader is a process intended to minimize waste and maximize the value of the interpled property; in the months since this case was initiated, more than three dozen defendants have been served, answers filed, and thousands of dollars expended by both plaintiff and defendants. Dismissal of this case at this point would in no way serve justice, judicial economy, or the interests of any party, and is not required by statute, provided that the Plaintiff pays the funds into the registry of the court prior to the determination of any of the competing claims thereto. Accordingly, Movant's 12(b)(1) Motion to Dismiss should by Denied.

II.

Movant's 12(b)(6) Motion to Dismiss is based on the same assertions and arguments, including the erroneous assertion that the Plaintiff is not in custody and/or control of the property, as Movant's 12(b)(1) Motion above. Accordingly, Plaintiff incorporates its responses in Section I above, and requests that the Movant's 12(b)(6) Motion to Dismiss be Denied.

WHEREFORE, Plaintiff Browndrew, LLC, respectfully requests that the Motions to Dismiss filed by Defendant Lifetime Industries, Inc. be in all things DENIED, and that this Court enter its order directing the Plaintiff through its agent Guaranty National Title Company, to pay into the registry of the court the sum of $258,349.62, together with all other relief to which the Plaintiff may be entitled.

Dated September 19, 2002.

BROWNDREW, L.L.C., Plaintiff

BY: /s/ William L. Rentfro
William L. Rentfro
State Bar No. 16783400
Federal Admission # 5958
185 E. Ruben Torres Blvd.
Brownsville, Texas 78520
(956) 541-9600
FAX (956) 541-3414

OF COUNSEL:
RENTFRO, FAULK, & BLAKEMORE, LLP
185 E. Ruben Torres Blvd.
Brownsville, Texas 78520

### Certificate of Service

I hereby certify that on the 19th day of September, 2002, a true and correct copy of the foregoing Plaintiff's Response to Defendant Lifetime Industries, Inc.'s Motions to Dismiss was served upon all counsel of record by Certified Mail, Return Receipt Requested.

/s/ William L. Rentfro
William L. Rentfro