*102*

United States District Court
Southern District of Texas
FILED

OCT 3 0 2002

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

BROWNSVILLE DIVISION


BROWNDREW L.L.C.,                          *

     Plaintiff



VS.

TRIAD BUILDERS, INC.; ELSA STATE          *      C.A. NO. B-02-137
BANK & TRUST CO; G&T PAVING CO.;
AQUA TECH; VILLANUEVA FENCE &
SUPPLY CO.; VALLEY BUILDERS CO.;
ROBERT'S WELDING & FABRICATORS,
INC.; OMEGA SYSTEMS; GALVAN SHEET
METAL SHOP; RAYMOND ROOFING, INC.;
EDMANN'S COMMERCIAL REFRIGER-
ATION & A/C; SKIPPER REPAIR
PLUMBING; RZB, INC. D/B/A GLOBAL
ELECTRIC; LIFETIME INDUSTRIES;
BEN'S GLASS AND METAL; KENMARK,
INC.; GABRIEL ALCANTAR; ALFREDO
GUTIERREZ; M&M COMMERCIAL LAWN
SERVICES, INC.; G.D. LOZANO; KEVIN
COMIER; JCO SPECIALTIES; OPENING
SPECIALTIES AND SUPPLY, INC.; DAL-
TILE CORPORATION; DEA SPECIALTIES
CO., LTD; LCM MANAGEMENT CO.,INC.
D/B/A SOUTH TEXAS FLAG; STAR BUILDING
SYSTEMS; MARIO MARON; D&B GENERAL
CLEANING; G.T. BLINDS, INC.; ROBERT
MARISCAL; THE SHERWIN-WILLIAMS
COMPANY; THE STRIPING COMPANY;
ROBERT GOMEZ; A&J PAVING; HOPE
LUMBER & SUPPLY CO., L.P.; CONSOL-
IDATED ELECTRIC DISTRIBUTORS, INC.;
PALMVIEW GLASS & MIRROR, INC; AND
ENCINAL INVESTMENTS; INC.

     Defendants                            *


**DEFENDANT ALFREDO GUTIERREZ' FIRST AMENDED ANSWER AND
COUNTERCLAIM AND CROSS-ACTION**                                1

<u>DEFENDANT ALFREDO GUTIERREZ'S FIRST AMENDED ANSWER AND
COUNTERCLAIM AND CROSS-ACTION</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant ALFREDO GUTIERREZ, and files this his
First Amended Answer to Plaintiff's Complaint and, in support
thereof, would respectfully show the Court as follows:

1.   No answer is necessary with respect to Paragraph 1 of
Plaintiff's Complaint.

2.1  No answer is necessary with respect to Paragraph 2(a) of
Plaintiff's Complaint.

2.2  No answer is necessary with respect to Paragraph 2(b) of
Plaintiff's Complaint.

2.3  No answer is necessary with respect to Paragraph 2(c) of
Plaintiff's Complaint.

2.4  No answer is necessary with respect to Paragraph 2(d) of
Plaintiff's Complaint.

2.5  No answer is necessary with respect to Paragraph 2(e) of
Plaintiff's Complaint.

2.6  No answer is necessary with respect to Paragraph 2(f) of
Plaintiff's Complaint.

2.7  No answer is necessary with respect to Paragraph 2(g) of
Plaintiff's Complaint.

2.8  No answer is necessary with respect to Paragraph 2(h) of
Plaintiff's Complaint.

2.9  No answer is necessary with respect to Paragraph 2(i) of
Plaintiff's Complaint.

2.10  No answer is necessary with respect to Paragraph 2(j) of Plaintiff's Complaint.

2.11  No answer is necessary with respect to Paragraph 2(k) of Plaintiff's Complaint.

2.12  No answer is necessary with respect to Paragraph 2(l) of Plaintiff's Complaint.

2.13  No answer is necessary with respect to Paragraph 2(m) of Plaintiff's Complaint.

2.14  No answer is necessary with respect to Paragraph 2(n) of Plaintiff's Complaint.

2.15  No answer is necessary with respect to Paragraph 2(o) of Plaintiff's Complaint.

2.16  No answer is necessary with respect to Paragraph 2(p) of Plaintiff's Complaint.

2.17  No answer is necessary with respect to Paragraph 2(q) of Plaintiff's Complaint.

2.18  No answer is necessary with respect to Paragraph 2(r) of Plaintiff's Complaint.

2.19  Defendant admits the allegations contained in Paragraph 2(s) of Plaintiff's Complaint.

2.20  No answer is necessary with respect to Paragraph 2(t) of Plaintiff's Complaint.

2.21  No answer is necessary with respect to Paragraph 2(u) of Plaintiff's Complaint.

2.22  No answer is necessary with respect to Paragraph 2(v) of Plaintiff's Complaint.

**DEFENDANT ALFREDO GUTIERREZ' FIRST AMENDED ANSWER AND COUNTERCLAIM AND CROSS-ACTION**                                           3

2.23  No answer is necessary with respect to Paragraph 2(w) of Plaintiff's Complaint.

2.24  No answer is necessary with respect to Paragraph 2(x) of Plaintiff's Complaint.

2.25  No answer is necessary with respect to Paragraph 2(y) of Plaintiff's Complaint.

2.26  No answer is necessary with respect to Paragraph 2(z) of Plaintiff's Complaint.

2.27  No answer is necessary with respect to Paragraph 2(aa) of Plaintiff's Complaint.

2.28  No answer is necessary with respect to Paragraph 2(bb) of Plaintiff's Complaint.

2.29  No answer is necessary with respect to Paragraph 2(cc) of Plaintiff's Complaint.

2.30  No answer is necessary with respect to Paragraph 2(dd) of Plaintiff's Complaint.

2.31  No answer is necessary with respect to Paragraph 2(ee) of Plaintiff's Complaint.

2.32  No answer is necessary with respect to Paragraph 2(ff) of Plaintiff's Complaint.

2.32  No answer is necessary with respect to Paragraph 2(gg) of Plaintiff's Complaint.

2.33  No answer is necessary with respect to Paragraph 2(hh) of Plaintiff's Complaint.

2.44  No answer is necessary with respect to Paragraph 2(ii) of Plaintiff's Complaint.

**DEFENDANT ALFREDO GUTIERREZ' FIRST AMENDED ANSWER AND COUNTERCLAIM AND CROSS-ACTION**                                     4

2.45  No answer is necessary with respect to Paragraph 2(jj) of Plaintiff's Complaint.

2.45  No answer is necessary with respect to Paragraph 2(kk) of Plaintiff's Complaint.

2.46  No answer is necessary with respect to Paragraph 2(ll) of Plaintiff's Complaint.

2.47  No answer is necessary with respect to Paragraph 2(mm) of Plaintiff's Complaint.

2.48  No answer is necessary with respect to Paragraph 2(nn) of Plaintiff's Complaint.

2.49  No answer is necessary with respect to Paragraph 2(oo) of Plaintiff's Complaint.

3. Defendant admits the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4. Defendant admits the allegations contained in Paragraph 3 of Plaintiff's Complaint.

5. Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6. Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7. Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8. Defendant admits the allegation in the first sentence of

Paragraph 8 of Plaintiff's Complaint.  Defendant specially denies the allegations contained in the last sentence of Paragraph 8 of Plaintiff's Complaint.

9.  Defendant specially denies the allegations contained in paragraph 12 of Plaintiff's Complaint.

10. Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 13 of Plaintiff's Complaint.

11. Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 14 of Plaintiff's Complaint.

12. Defendant specifically denies the allegations contained in Paragraph 15 of Plaintiff's Complaint.

13. Defendant specifically denies the allegations contained in the prayer of Plaintiff's Complaint.

14. Defendant specifically denies all allegations contained in Plaintiff's Complaint not otherwise admitted or denied.

<u>DEFENDANT'S COUNTERCLAIM</u>

1. Comes now Defendant ALFREDO GUTIERREZ and would show that he provided services to BROWNDREW,L.L.C. on February, 2002, and March, 2002, at $10,770.00.

2.  Defendant herein makes demand for payment from Plaintiff in that amount plus interest and costs associated with failure to pay said monies when due.

3.  Furthermore as a result of Plaintiff's allegations contained in Plaintiff's Complaint that Defendant had to retain the services

<u>DEFENDANT ALFREDO GUTIERREZ' FIRST AMENDED ANSWER AND COUNTERCLAIM AND CROSS-ACTION</u>                                          6

of Alfredo Padilla, a licensed attorney, to represent his interest and seeks reasonable attorney fees, costs and interest associated with the collection of the monies owed to Defendant herein and Defendant seeks reasonable attorney fees, court costs, and other reasonable expenses of litigation against Plaintiff Browndrew, L.L.C.

### THIRD-PARTY ACTION

4.    COMES NOW, as Third-Party Plaintiff, ALFREDO GUTIERREZ (hereinafter referred to as Gutierrez), by and through their undersigned counsel, and seeks damages for a breach of contract in which Third-Party Plaintiff was able to perform and Defendant TRIAD BUILDERS, INC. has failed to perform pursuant to the agreement between the parties.

5.    In support of this Petition, the Third- Party Plaintiff would respectfully show the following:

I.

### PARTIES

6.    Plaintiff is an individual residing in Hidalgo County, Texas.

7.    The parties having or claiming an interest in the matter made the subject of this action are TRIAD BUILDERS, INC., hereinafter referred to as the Defendant, which is a corporation that is before the court.

II.

### JURISDICTION

8.    The Court has jurisdiction over the subject matter of this

suit in that Defendant has engaged in business in Texas (in that Defendant entered into earnest money contract with Plaintiff and Plaintiff did in fact perform the contract in part, if not completely, in Texas), this suit for damages and fraud arose from and was connected with purposeful acts committed by Defendant in failing to pay the amounts due under the contract between the parties involving property located in Brownsville, Cameron County, Texas), even though numerous demands have been made by the Plaintiff to Defendant to pay all the monies due under the contract.

III.

## VENUE

9.  The venue of this suit is proper in Cameron County, Texas because:  (1) this is the county in which all or part of the cause of action accrued and (2) this is the county in which the parties have agreed in writing to perform an obligation

IV.

## FACTUAL BACKGROUND

10.  In February, 2002, and March, 2002, Plaintiff Gutierrez and Defendant Triad Builders, Inc. entered into an agreement, whereby, Plaintiff agreed to install carpet at the building being built by Triad Builders, Inc. and Defendant agreed to pay the monies due upon the project.

11.  Plaintiff has performed all of his obligations under the agreement and Defendant Triad Builders, Inc. has refused to pay for the obligation of $10,770.00.

**DEFENDANT ALFREDO GUTIERREZ' FIRST AMENDED ANSWER AND
COUNTERCLAIM AND CROSS-ACTION**                                      8

12.  Defendant has failed and refused and continues to refuse to pay the monies due.

V.

### PARTIES' INTEREST IN SUBJECT MATTER

13.  Accordingly the Defendant TRIAD BUILDERS, INC. has refused to pay to Plaintiff the monies due.

VI.

### JUSTICIABLE CONTROVERSY

14.  However, despite the existence of the said agreement between the parties, by virtue of the performance of same in connection by Plaintiff in installing the carpet pursuant to the agreement of the parties, Defendant TRIAD BUILDERS, INC. have refused to pay the money due and owing.

VII.

### DAMAGES

15.  Plaintiff will show that by reason of Defendant TRIAD BUILDERS, INC.'s failure to pay the monies due that he has suffered damages in that they have been unable to use the money to effect their business.

16.  Plaintiff herein seek those expenses and losses as additional damages.

VIII.

### ATTORNEY FEES

17.  Plaintiffs have retained the firm of ALFREDO PADILLA to represent them in this action and have agreed to pay the said law firm reasonable and necessary attorney fees.

**DEFENDANT ALFREDO GUTIERREZ' FIRST AMENDED ANSWER AND COUNTERCLAIM AND CROSS-ACTION**                                          <u>9</u>

18.   Therefore, an award of reasonable and necessary attorney fees to the Plaintiff would be equitable and just.

19.   Accordingly, Plaintiff respectfully request that the Court, in addition to making the foregoing awarding of damages also award to the Plaintiff their reasonable and necessary attorney fees.

IX.

FRAUD

20. Plaintiff would further show that the Defendant TRIAD BUILDERS, INC. has committed fraud upon the Plaintiff by representing that the payments on the contract would be paid when in fact the Defendant TRIAD BUILDERS, INC. had no intention of pay said monies.

21. The Defendant is therefore liable for actual and punitive damages for which claim is made by Plaintiff.

WHEREFORE Plaintiff prays that notice issue as required by law, and that after hearing that the Court grant a judgment in favor of Plaintiff Gutierrez and against Triad Builders, Inc. in conformity with the allegations in this petition, punitive damages, for reasonable attorneys fees, court costs, and all other relief to the Plaintiff to which they may be justly entitled by this pleading or proper amendment thereto show himself justly entitled.

DEFENDANT ALFREDO GUTIERREZ' FIRST AMENDED ANSWER AND
COUNTERCLAIM AND CROSS-ACTION                                    10

Respectfully submitted,

ALFREDO PADILLA
Federal Bar No. 3840
Texas State Bar No. 15404600
Attorney for Defendant
  ALFREDO GUTIERREZ
1000 E. Van Buren
Brownsville, Texas 78520
(956) 544-7100
Fax (956) 544-0647

**PLAINTIFF'S ORIGINAL PETITION FOR DECLARATORY JUDGMENT,
REQUEST FOR TEMPORARY RESTRAINING ORDER AND INJUNCTION
AND DAMAGES**

11