*166*

United States District Court
Southern District of Texas
FILED

NOV 0 1 2002

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| BROWNDREW, L.L.C., | § | |
| Plaintiff | § | |
| vs. | § | Civil Action No. B-02-137 |
| | § | |
| | § | |
| TRIAD BUILDERS, ELSA STATE BANK | § | |
| AND TRUST, AQUA TECH, VILLANUEVA | § | |
| FENCE AND SUPPLY CO., ET AL | § | |
| Defendants | § | |

## DEFENDANT LIFETIME INDUSTRIES, INC.'S, FIRST AMENDED ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT AND INTERPLEADER AND ORIGINAL COUNTER CLAIM AND CROSS CLAIM

TO THE HONORABLE JUDGE OF SAID COURT:

Comes Now, Defendant, Lifetime Industries, Inc. (LII) and files its First Amended Original Answer to Plaintiff's Original Complaint and Interpleader and Original Counter Claim and Cross Claim, and for cause, shows as follows:

1. LII denies Plaintiff's jurisdictional allegations of Paragraph 1 of Plaintiff's Original Complaint, insofar as Plaintiff's complaint specifically admits that it has not deposited the funds subject to this interpleader action into the registry of this court, thereby failing to comply with 28 U.S.C. § 1335 (a)(2). LII further denies the jurisdictional allegations of Paragraph 1 on the basis that it has failed to file a bond payable to the clerk of the court as alternatively required under 28 U.S.C. § 1335 (a)(2). LII further denies the jurisdictional allegations of Paragraph 1 because Plaintiff's complaint unequivocally admits that Plaintiff does not have custody or control over the subject proceeds as required under 28 U.S.C. § 1335 (a). Lifetime Industries, Inc. (hereinafter referred to as "LII") cannot admit or deny the identity of each legitimate claimant to the interplead funds, nor can it confirm the

citizenship of the legitimate claimant to the interplead funds, and to that extent, it cannot admit or deny certain other jurisdictional allegations of Paragraph 1 of Plaintiff's Original Complaint. LII reserves the right to challenge Plaintiff's jurisdictional allegations on other grounds after discovery is conducted.

2. Until discovery is conducted, LII cannot admit or deny Plaintiff's allegations set forth in Paragraphs 2(a) through 2(o) and LII cannot admit or deny Plaintiff's allegations set forth in Paragraphs 2(q) through 2(oo). LII admits to Plaintiff's allegations set forth in Paragraph 2(p).

3. To the extent Plaintiff has failed to comply with 28 U.S.C. § 1335, LII denies Plaintiff's allegations set forth in its Paragraph 3 of its Original Complaint.

4. LII admits to Plaintiff's allegations set forth in its Paragraph 4 of its Original Complaint.

5. LII cannot admit or deny Plaintiff's allegations as to the formation of the contract identified in its Paragraph 5 of its Original Complaint. LII admits as to the legal description of the property subject to this suit.

6. LII cannot admit or deny Plaintiff's allegations regarding completion of construction. Plaintiff cannot admit or deny Plaintiff's allegations set forth in Paragraph 6 of its Original Complaint regarding the purchase or sale of the subject property.

7. LII cannot admit or deny Plaintiff's allegations set forth in its Paragraph 7 of its Original Complaint regarding the notices, claims, amounts, contract balances owed to each sub-contractor. LII admits that an outstanding balance for work and/or materials is owed to it in the amount of at least $14,467.00.

8. LII cannot admit or deny Plaintiff's allegations set forth in its Paragraph 8 of its Original Complaint regarding the contract balance, the claims of each party, or the adversity of each

claimaint. LII denies that Plaintiff is an innocent stakeholder to the extent that Plaintiff's conduct during the course of the construction project created independent liability to LII for the work performed and/or materials furnished by LII. To the extent that Plaintiff's actions created a direct and independent liability for the work performed and/or materials furnished by LII, Plaintiff is directly liable to LII and does not stand in the shoes of an innocent stakeholder. LII denies that

9. LII denies Plaintiff's allegations set forth in its Paragraph 12 of its Original Complaint.[1] Specifically, LII denies that Plaintiff has any claims against it. Plaintiff cannot admit or deny any other allegations set forth in Plaintiff's allegations set forth in Paragraph 12 of its Original Complaint as it has an insufficient basis with which to admit or deny same.

10. LII cannot admit or deny Plaintiff's allegations set forth in its Paragraph 13 of its Original Complaint as it has an insufficient basis with which to admit or deny same.

11. LII denies Plaintiff's allegations set forth in its Paragraph 14 of its Original Complaint to the extent that it appears to seek attorneys fees in connection with the prosecution of this cause.

12. LII denies Plaintiff's allegations set forth in its Paragraph 15 of its Original Complaint because LII maintains that Plaintiff has an interest in this litigation to the extent that Plaintiff's conduct in dealing with LII has created Plaintiff's direct, contractual obligation to LII.

13. Jury Demand is hereby made.

### Defendant, LII's Original Counter Claim

14. Defendant, LII would assert an Original Counter Claim against Plaintiff/Counter-Defendant, Browndrew, LLC. Defendant, LII would show that it was involved in supplying certain

---

[1] Note that Plaintiff's Original Complaint omits Paragraphs 9-11.

materials and supplies to the subject construction project. During the course of the construction, it was Plaintiff, Browndrew, LLC's custom and practice to pay LII's invoices directly. Particularly with regarding to the overdue invoices that are the subject of this lawsuit, Defendant LII, specifically notified, Browndrew, LLC regarding the past due invoices within thirty (30) days of the date of its last invoice. Plaintiff/Counter-Defendant, Browndrew, LLC, by and through its officers, managers, and/or construction project managers, were contacted regarding the past due invoices, and at all times indicated verbally to the agents or representatives of LII that such invoices would be paid shortly.

15. Based on these material misrepresentations, LII did not take the steps necessary to perfect its lien in connection with the materials and/or supplies provided to the subject construction project. As such, Plaintiff/Counter-Defendant, Browndrew, LLC made material misrepresentations with the purpose of inducing LII's failure to perfect its lien. Such conduct constitutes common law fraud under the Common Law Acts of the State of Texas, and LII hereby seeks recovery of any and all damages which has suffered as direct consequence of Plaintiff/Counter-Defendant, Browndrew, LLC's fraudulent conduct. Said damages include its attorney's fees, its actual damages in the amount of Fourteen Thousand Four Hundred and Sixty Seven and 00/100ths ($14,467.00) Dollars, and any and all damages recoverable under the Laws of the State of Texas.

## ORIGINAL CROSS-CLAIM

16. Based on the foregoing, Defendant, LII would further show that it is entitled to recovery over and against Defendant, Triad Builders, Inc. in the amount of Fourteen Thousand Four Hundred and Sixty Seven and 00/100ths ($14,467.00) Dollars. LII would show that it had a direct contract to supply certain floor materials and supplies to the subject construction

project. Parties to said contract included Triad Builders, Inc. and Lifetime Industries, Inc. LII would show that between January, 2002 and March, 2002 it provided materials and supplies to the subject construction project, for which payment has yet to be made. LII would show that the normal and customary charges for said supplies totaled at least Fourteen Thousand Four Hundred and Sixty Seven and 00/100ths ($14,467.00) Dollars. Defendant, Triad Builders, Inc. has failed to pay said amount and said amount is still due and owing. LII hereby seeks recovery against Triad Builders, Inc. in the amount of Fourteen Thousand Four Hundred and Sixty Seven and 00/100ths ($14,467.00) Dollars. Further, LLI seeks recovery of any and all damages to which it is entitled, including all actual damages, reasonable and necessary attorney's fees incurred in this litigation, costs of court and pre and post judgment interest.

LIFETIME INDUSTRIES, INC., Defendant

By: _____
Daniel G. Rios
Federal Admission No. 17290
Texas Bar No. 00784844
323 Nolana
McAllen, TX 78504
(956)630-9401
Fax (956)682-0566

CERTIFICATE OF SERVICE

I, Daniel G. Rios, hereby certify that a true and correct copy of the foregoing instrument has been served on all counsel of record known to me thus far on this ____ day of November, 2002.

_____
Daniel G. Rios