IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
—BROWNSVILLE DIVISION—

United States District Court
Southern District of Texas
ENTERED

NOV 0 5 2002

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | |
|---|---|
| BROWNDREW, L.L.C.<br>Plaintiff,<br><br>VS.<br><br>TRIAD BUILDERS, INC., ET AL.,<br>Defendants. | §<br>§<br>§<br>§   CIVIL ACTION NO. B-02-137<br>§<br>§<br>§ |

### DEFAULT JUDGMENT

Pending before the Court is Elsa State Bank's Unopposed Motion for Entry of Default Judgment Against Served Defendants Who Have Failed to Answer. See Docket No. 105. The Motion is **GRANTED** in part and **DENIED** in part.

After considering Elsa State Bank's request for entry of default and for default judgment, the attached exhibits, and the evidence on file, the Court **FINDS** pursuant to FED. R. CIV. P. 54(b) that "there is not just reason for delay" and that the record supports entry of default and judgment by default pursuant to FED. R. CIV. P. 55 against the following defendants who have neither answered nor appeared: Valley Builders Co.; Omega Systems; Galvan Sheet Metal Shop; Raymond Roofing, Inc.; Kenmark, Inc.; JCO Specialists, Dal-Tile Corporation; Star Building Systems; The Striping Company; Kevin Comier; and Roberto Gomez. Accordingly, the Court **ORDERS** the clerk to enter entry of default and a take-nothing judgment by default against defendants Valley Builders Co.; Omega Systems; Galvan Sheet Metal Shop; Raymond Roofing, Inc.; Kenmark, Inc.; JCO Specialists, Dal-Tile Corporation; Star Building Systems; The Striping Company; Kevin Comier; and Roberto Gomez.

With reference to pro se defendant Villanueva Fence & Supply Co., Elsa State Bank's motion for judgment by default is conditionally **DENIED**. The Court notes that said defendant has not answered in this action. Nor has defendant Villanueva Fence & Supply Co. complied with the October 11, 2002 Scheduling Order's requirement to submit a statement of its claims in this suit by October 18, 2002, despite having appeared at the October 2, 2002 pretrial hearing at which the Scheduling Order and its deadlines were formulated. See Docket Nos. 76 (minute entry of pretrial hearing), 79 (Scheduling Order). Therefore, the Court again **ORDERS** Villanueva Fence & Supply Co. to file said statement of claims with the Court. If it should fail to do so within 10 days of the date of this Order, the Court further **FINDS** pursuant to FED. R. CIV. P. 54(b) that "there is not just reason for delay" and **ORDERS** the clerk to enter an entry of default and a take-nothing judgment by default pursuant to FED. R. CIV. P. 55 against Villanueva Fence & Supply Co. as well.

In addition, the Court notes that pro se defendant Mario Maron has also neither answered in this action nor complied with the October 11, 2002 Scheduling Order's requirement to submit a statement of his claims in this suit. The Court can find no Return of Service for defendant Maron in the record, and Elsa State Bank does not request judgment by default against defendant Maron. However, defendant Maron did appear at the October 2, 2002 pretrial hearing at which all parties were instructed to provide the Court with a statement of its claims in the suit. All parties were formally ordered to submit said statement of claims by October 18, 2002 in the pretrial Scheduling Order entered October 11, 2002. See Docket No. 79. Therefore, the Court reiterates its Scheduling Order and once again **ORDERS** Mario Maron to file his statement of claims with the Court. If he should fail to do so within 10 days of the date of this Order, the Court **FINDS** pursuant to FED. R. CIV. P. 54(b) that "there is not just reason for delay" and, therefore, pursuant to FED. R. CIV. P. 16(f)

further **ORDERS** the clerk to enter entry of default and a take-nothing judgment by default against Mario Maron.

Finally, the Court **ORDERS** counsel for Elsa State Bank to immediately provide copies of this Order to defendants Villanueva Fence & Supply Co. and Mario Maron.

**DONE** at Brownsville, Texas, this 5th day of November, 2002.

Andrew S. Hanen
United States District Judge