United States District Court
Southern District of Texas
FILED

DEC 0 2 2002

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| BROWNDREW, L.L.C., | § | |
| Plaintiff | § | |
| vs. | § | Civil Action No. B-02-137 |
| | § | |
| | § | |
| TRIAD BUILDERS, INC., ELSA STATE | § | |
| BANK AND TRUST, AQUA | § | |
| TECH, VILLANUEVA FENCE AND | § | |
| SUPPLY CO., ET AL | § | |
| Defendants | § | |

**DEFENDANT LIFETIME INDUSTRIES, INC.'S
MOTION FOR LEAVE TO LATE-FILE ITS RESPONSE
TO ELSA STATE BANK'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant, Lifetime Industries, Inc., files its Motion for Leave to Late-File Its Response to Elsa State Bank's Motion for Partial Summary Judgment, and for cause, shows as follows:

**I.**

**BACKGROUND**

**1.01** This case arises out of construction contract entered between Browndrew, LLC and Triad Builder's, Inc. The contract amount totalled to $1,145,990.00. The completion date purportedly occurred on or about March 18, 2002. Subsequently, Browndrew filed this interpleader action contending that the total amount owed to sub-contractors and Triad's creditor, Elsa State Bank, exceeded the amount of the contract.

**1.02** Elsa State Bank (hereinafter "ESB") filed its motion for partial summary judgment as against the claims of Lifetime Industries, Inc. (hereinafter "Lifetime") on its affirmative cross-claim as to the interplead funds. ESB files such motion on the basis that it purportedly perfected a security interest in the accounts receivables of Triad Builders, Inc. Lifetime's claim amounts to $14,467.00,

exclusive of its claim for costs and attorneys fees. ESB claims that it is owed $94,888.13. ESB seeks a finding that its claim has priority over Lifetime's claim and seeks partial summary judgment that it is entitled to payment of its claim prior to Lifetime's claim.

1.03 Additionally, Lifetime would show that by court order, discovery in this case has been limited. Lifetime has not had the opportunity to conduct discovery in any form as to the cross-claims of ESB. Lifetime's ability to substantively respond to ESB's motion for summary judgment has been substantially impaired by the limited nature of discovery.

## II.

### THE COURT'S LIMITATION ON DISCOVERY SUBSTANTIALLY HINDERS LIFETIME'S ABILITY TO RESPOND TO ESB'S MOTION FOR PARTIAL SUMMARY JUDGMENT

2.01   Lifetime would show that it has not been able to conduct discovery as to ESB's cross-claim through no fault of its own. This Court entered a scheduling order limiting the parties' ability to conduct discovery of the claims raised in this case. Due to this order, Lifetime has not conducted any discovery regarding ESB's cross-claims, which are the basis of ESB's motion for summary judgment.

2.02   The Court's limitations on discovery have significantly disadvantaged Lifetime, and those Defendants in its position, while providing an unfair advantage to ESB. In this regard, Lifetime would submit that the following issues are critical to the Court's determination whether ESB's motion for summary judgment should be granted or denied: 1) whether Triad is owed any money under its contract with Browndrew; and 2) if Triad is owed any money under its contract with Browndrew, how much is due to Triad. ESB failed to address these issues in its motion for summary judgment, and instead, argues that Lifetime, and those similarly situated, have the burden of establishing certain facts in relation to these issues.

**2.03** However, Lifetime would show that Browndrew and ESB are currently the only parties in the position to shed light on such issues. Other than Browndrew (who has no stake in the outcome of ESB's Motion for Summary Judgment) and ESB, as Triad's lender, assuming it performed normal due diligence, would best the know the status of the debt, if any, owed to Triad under the construction agreement. Due to the Court's standing discovery order, Lifetime, and those similarly situated, cannot ascertain any such facts either from Triad, Browndrew or ESB. As such, it would be patently unfair for this Court to allow ESB to take advantage of this Court's discovery order in such an offensive manner. For these reasons, Lifetime requests additional time in which to conduct discovery before it is required to submit a response to ESB's Motion for Partial Summary Judgment.

## IV.

## CONCLUSION

**3.01** Based on the foregoing, in the interests of justice and fairness, Lifetime Industries, Inc. requests that this Court grant it leave to file its response to ESB's Motion for Partial Summary Judgment.

LIFETIME INDUSTRIES, INC., Defendant

By: _____
Daniel G. Rios
Federal Admission No. 17290
Texas Bar No. 00784844
323 Nolana
McAllen, TX 78504
(956)630-9401
Fax (956)682-0566

CERTIFICATE OF SERVICE

    I, Daniel G. Rios, hereby certify that a true and correct copy of the foregoing instrument has been served on all counsel of record known to me thus far on this \_\_\_2nd\_\_\_ day of \_\_December\_\_, 2002.

                                                     _____
                                                       Daniel G. Rios

CERTIFICATE OF CONFERRENCE

    I, Daniel G. Rios, represent that I have discussed the foregoing motion with Lance Kirby, counsel for Elsa State Bank, the Movant, and he is opposed to the foregoing motion. All other counsel have been contacted via facsimile transmission, and at the time of the filing of this instrument, it is not known whether they are opposed or unopposed to this motion.

                                                     _____
                                                       Daniel G. Rios

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| BROWNDREW, L.L.C., <br> Plaintiff <br> vs. <br><br> TRIAD BUILDERS, INC., ELSA STATE BANK AND TRUST, AQUA TECH, VILLANUEVA FENCE AND SUPPLY CO., ET AL <br> Defendants | § § § § § § § § § § | Civil Action No. B-02-137 |

### ORDER GRANTING DEFENDANT LIFETIME INDUSTRIES, INC.'S MOTION FOR LEAVE TO LATE-FILE ITS RESPONSE TO ELSA STATE BANK'S MOTION FOR PARTIAL SUMMARY JUDGEMENT

On this _____ day of _____, 2002, came to be considered DEFENDANT LIFETIME INDUSTRIES, INC.'S Motion for Leave to Late-File its Response to Elsa State Bank's Motion for Partial Summary Judgement, and after considering all motions, briefs, responses, arguments of counsel and pleadings on file, this Court is of the opinion that same should be granted.

IT IS THEREFORE ORDERED that DEFENDANT, LIFETIME INDUSTRIES, INC.'S Motion for Leave to Late-File its Response to Elsa State Bank's Motion for Partial Summary Judgement should be granted.

Signed for entry on this _____ day of _____, 2002.

_____
JUDGE PRESIDING

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| BROWNDREW, L.L.C., <br> Plaintiff <br> vs. <br><br><br> TRIAD BUILDERS, INC., ELSA STATE BANK AND TRUST, AQUA TECH, VILLANUEVA FENCE AND SUPPLY CO., ET AL <br> Defendants | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | Civil Action No. B-02-137 |

### SUBJECT TO DEFENDANT LIFETIME INDUSTRIES, INC.'S MOTION FOR LEAVE TO LATE-FILE A RESPONSE TO ELSA STATE BANK'S MOTION FOR PARTIAL SUMMARY JUDGMENT, DEFENDANT LIFETIME INDUSTRIES, INC.'S RESPONSE TO ELSA STATE BANK'S MOTION FOR PARTIAL SUMMARY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

Subject to its Motion for Leave to Late-File a Response to Elsa State Bank's Motion for Partial Summary Judgment, Defendant, Lifetime Industries, Inc., files its Response to Elsa State Bank's Motion for Partial Summary Judgment, and for cause, shows as follows:

### I.

### BACKGROUND

**1.01** This case arises out of construction contract entered between Browndrew, LLC and Triad Builder's, Inc. The contract amount totalled to $1,145,990.00. The completion date purportedly occurred on or about March 18, 2002. Subsequently, Browndrew filed this interpleader action contending that the total amount owed to sub-contractors and Triad's creditor, Elsa State Bank, exceeded the amount of the contract.

**1.02** Elsa State Bank (hereinafter "ESB") claims it is entitled to partial summary judgment as against the claims of Lifetime Industries, Inc. (hereinafter "Lifetime") on its affirmative cross-claim

as to the interplead funds. ESB files such motion on the basis that it purportedly perfected a security interest in the accounts receivables of Triad Builders, Inc. Lifetime's claim amounts to 14,467.00, exclusive of its claim for costs and attorneys fees. ESB claims that it is owed $94,888.13. ESB seeks a finding that its claim has priority over Lifetime's claim and seeks partial summary judgment that it is entitled to payment of its claim prior to Lifetime's claim.

## II.

## STATEMENT OF GENUINE ISSUES

2.01   Lifetime asserts that ESB has failed to establish its right to partial summary judgment. ESB received an assignment of proceeds that Triad was entitled to receive under its contract with Browndrew. As such, ESB's claim is derivative in nature to Triad's claims under the contract. Because ESB stands in the shoes of Triad, ESB must demonstrate, as a matter of law, that Triad is entitled to payment from Browndrew under the original construction contract. ESB's motion for summary judgment fails to address the following issues: 1) whether Triad is owed any money under its contract with Browndrew; and 2) if Triad is owed any money under its contract with Browndrew, how much is due to Triad.[1] Without addressing these legal and factual issues, ESB's motion for summary judgment should be denied.

## III.

## ESB HAS FAILED TO MEET ITS SUMMARY JUDGMENT BURDEN

3.01   A party moving for summary judgment on an affirmative claim has the burden to establish that there are no issues of genuine fact as to each element of the claim. ESB's claim is essentially a claim against Browndrew for an amount, if any, that Browndrew may owe to Triad under the construction agreement. The essential elements of this claim include whether Browndrew owes any

---

[1] While ESB claims that Triad owes it the sum of $94,888.13 under its note, the amount owed to Triad by Browndrew is a distinctly different debt, which ESB fails to address in its motion.

money to Triad and, if so, how much. In the instant case, the Court should deny ESB's motion for partial summary judgment because it fails to address these two essential elements of its cross-action.

**3.02.** ESB's evidence filed in support of its motion clearly demonstrates that it's claim is based on an assigment of Triad's right to proceeds under the construction contract between Triad and Browndrew. Paragraph 4 of UCC-1 financing statement, which is attached to ESB's motion as exhibit 2b, states the following:

> "4. This FINANCING STATEMENT covers the following collateral:
>
> > ***ASSIGNMENT OF CONTRACT*** FROM THE BROWNDREW, LLC GROUP, INC. IN THE AMOUNT OF $1,145,990.00 FOR THE CONSTRUCTION OF THE SOCIAL SECURITY ADMINISTRATION OFFICE LOCATED AT 1735 COFFEE PORT ROAD, BROWNSVILLE CAMERON COUNTY, TEXAS DATED JUNE 04, 2001. (Emphasis added).

**3.03** This passage clearly demonstrates that ESB took an assignment from Triad concerning the proceeds it is owed under said contract. Thus, ESB's claim is derivative in nature, and ESB can recover proceeds only to the extent that Triad could recover proceeds under its original contract with Browndrew.

**3.04** ESB's motion for summary judgment fails to affirmatively demonstrate that Triad is entitled to any additional proceeds under its contract with Browndrew. More importantly, due to the limited nature of discovery that the parties have been entitled to conduct, Lifetime is unable to demonstrate how much Triad has been paid under the contract. Ostensibly, ESB would be the party in the best position to tender evidence to the court on this issue. Yet, it has wholly failed to address this issue.

**3.05** The evidence that ESB has demonstrated is devoid of any discussion on the issue of the amounts, if any, owed to Triad. Thus, ESB has failed to demonstrate that as a matter of law, it is entitled to partial summary judgment.

## IV.

## CONCLUSION

**4.01** Based on the foregoing, Lifetime Industries, Inc. requests that this Court deny ESB's Motion for Partial Summary Judgment.

LIFETIME INDUSTRIES, INC., Defendant

By: _____
Daniel G. Rios
Federal Admission No. 17290
Texas Bar No. 00784844
323 Nolana
McAllen, TX 78504
(956)630-9401
Fax (956)682-0566

## CERTIFICATE OF SERVICE

I, Daniel G. Rios, hereby certify that a true and correct copy of the foregoing instrument has been served on all counsel of record known to me thus far on this _2v_ day of _December_, 2002.

_____
Daniel G. Rios