*13c*

United States District Court
Southern District of Texas
FILED

DEC 1 6 2002

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| BROWNDREW, L.L.C., | * | |
| | * | CIVIL ACTION NO. B-02-137 |
| Plaintiff | * | |
| | * | |
| V. | * | |
| | * | |
| TRIAD BUILDERS, INC.; ELSA STATE | * | |
| BANK & TRUST CO.; G & T PAVING CO.; | * | |
| AQUA TECH; VILLANUEVA FENCE & | * | |
| SUPPLY CO.; VALLEY BUILDERS CO.; | * | |
| ROBERT'S WELDING & FABRICATORS, | * | |
| INC.; BOWMAN DISTRIBUTING COMPANY, | * | |
| INC.; OMEGA SYSTEMS; GALVAN SHEET | * | |
| METAL SHOP; RAYMOND ROOFING, INC.; | * | |
| EDMANN'S COMMERCIAL REFRIGER- | * | |
| ATION & A/C; SKIPPER'S REPAIR | * | |
| PLUMBING; RZB INC., d/b/a GLOBAL | * | |
| ELECTRIC; LIFETIME INDUSTRIES; | * | |
| BEN'S GLASS AND METAL; KENMARK, | * | |
| INC.; GABRIEL ALCANTAR; ALFREDO | * | |
| GUTIERREZ; M&M COMMERCIAL LAWN | * | |
| SERVICES, INC.; G.D. LOZANO; KEVIN | * | |
| COMIER; JCO SPECIALISTS; OPENING | * | |
| SPECIALTIES AND SUPPLY, INC.; DAL- | * | |
| TILE CORPORATION; DEA SPECIALTIES | * | |
| CO., LTD.; LCM MANAGEMENT CO., INC. | * | |
| d/b/a SOUTH TEXAS FLAG; STAR BUILDING | * | |
| SYSTEMS; MARIO MARON; D&B GENERAL | * | |
| CLEANING; G.T. BLINDS, INC.; ROBERT | * | |
| MARISCAL; THE SHERWIN-WILLIAMS | * | |
| COMPANY; THE STRIPING COMPANY; | * | |
| ROBERTO GOMEZ; A&J PAVING; HOPE | * | |
| LUMBER & SUPPLY CO., L.P.; CONSOL- | * | |
| IDATED ELECTRIC DISTRIBUTORS, INC.; | * | |
| PALMVIEW GLASS & MIRROR, INC.; and | * | |
| ENCINAL INVESTMENTS, INC., | * | |
| Defendants | * | |

PLAINTIFF'S UNOPPOSED MOTION FOR DEFAULT JUDGMENT                    PAGE 1.

## PLAINTIFF'S UNOPPOSED MOTION FOR ENTRY OF
## DEFAULT JUDGMENT AGAINST DEFENDANT GT BLINDS, INC.

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiff BROWNDREW, LLC, respectfully asks the Court to enter a default judgment against defendant GT BLINDS, INC., as authorized by Federal Rule of Civil Procedure 55.

### A. Introduction

1. Plaintiff is BROWNDREW, LLC; defendant is GT BLINDS, INC.

2. On July 5, 2002, Plaintiff sued defendant as a potential lienholder against certain property, and a possible claimant against retained funds being interpled in this case.

3. On October 21, 2002, Plaintiff effected service upon Defendant by fax (see return of service filed concurrently herewith, a copy of which is attached to the Motion as Exhibit "A").

4. On October 25, 2002, Defendant's counsel provided Plaintiff with all requested discovery, but indicated that he would not be filing an answer for Defendant. He indicated further that the Defendant would be filing an answer pro se to ensure notice of all proceedings. (See October 25, 2002 letter from Stephen Leas, PLLC, attached to this Motion as Exhibit "B".

5. Defendant has never filed an answer and, despite being given actual notice of the December 10, 2002 mediation of this case, Defendant did not participate in the mediation.

6. Plaintiff conferred with all other parties present at the December 10, 2002 mediation regarding this motion, and no opposition was raised.

### B. Argument

7. Defendant did not file an answer within 20 days after the date of service recited above. Fed.R.Civ.P. 12(a)(1)(A).

8. Defendant is not an infant, incompetent person, or member of the United Sates military. 50 U.S.C. app. §520(1); Fed.R.Civ.P. 55(b)(1).

9. Because Defendant did not file a responsive pleading or otherwise defend the suit, Plaintiff is entitled to entry of default judgment. Fed.R.Civ.P. 55(b)(1); *Key Bank v. Tablecloth Textile Corp.*, 74 F.3d 349, 352-53 (1st Cir. 1996).

10. No damages are sought against the defaulting Defendant. Plaintiff seeks a default judgment finding that Defendant GT Blinds, Inc. is not entitled to any portion of the interpled proceeds and have no lien claims against Plaintiff or the real property described in Plaintiff's Original Petition in Interpleader.

### C. Conclusion and Prayer

11. For the foregoing reasons, Plaintiff asks the Court to enter a default judgment in favor of Plaintiff and against defendant GT Blinds, Inc. finding that said Defendant has no right to the interpled proceeds; no lien against the the real property described in Plaintiff's Original Petition in Interpleader, to-wit: Lot 2, Block 1, HAPCO Subdivision, a Subdivision in Cameron County, Texas, according to the Plat of said Subdivision recorded in Cabinet 1, Page 118-B, Map Records, Cameron County, Texas, also known as Lots 1 and 2, GSA Subdivision, according to Plat thereof recorded in the Map Records of Cameron County, Texas.

Dated December 16, 2002.

Respectfully submitted,
BROWNDREW, L.L.C., Plaintiff

BY: *[signature]*
William L. Rentfro
State Bar No. 16783400

|  |  |
|---|---|
| OF COUNSEL:<br>RENTFRO, FAULK, & BLAKEMORE, LLP<br>185 E. Ruben Torres Blvd.<br>Brownsville, Texas 78520 | Federal Admission # 5958<br>185 E. Ruben Torres Blvd.<br>Brownsville, Texas 78520<br>(956) 541-9600<br>FAX (956) 541-3414 |

### Certificate of Service

I hereby certify that on the 16th day of December, 2002, a true and correct copy of the foregoing Plaintiff's Unopposed Motion for Default Judgment was served upon all counsel of record by fax.

William L. Rentfro

# Stephen T. Leas, PLLC
### ATTORNEY AT LAW

P. O. BOX 2257
5301 N. McCOLL ROAD
McALLEN, TX 78502-2257

Tel: (956) 618-LEAS
Tel: (956) 618-5327
Fax: (956) 972-0313

October 25, 2002

<u>Via Telefax to (956) 541-3414</u>:
Mr. William L. Renfro
RENFRO, FAULK & BLAKEMORE, L.L.P.
185 E. Ruben Torres Blvd.
Brownsville, Texas 78520

   Re:   *Browndrew, L.L.C. vs. Triad Builders, Inc., et al*; Case No. B-02-137; in the United States District Court for the Southern District of Texas, Brownsville Division

Dear Mr. Renfro:

   I represent G. T. Blinds, Inc. generally. I do not practice in federal court, however. We are in the process of making necessary arrangements. In the meantime, I anticipate that the company will file a pro se general denial answer within the next business day or so.

   In response to your October 21, 2002 letter to Ms. Peggy Fuhrman of G. T. Blinds, enclosed please find the company's claim information, per the Scheduling Order. I hope that this is sufficient information for you to proceed as you indicated on Monday, October 28, 2002. It is the best that we can put together on short notice. If there is anything else that we can provide, please let me know.

   Thank you for your attention to G. T. Blinds' claim, and for your professional courtesies.

                                      Very truly yours,

                                      LAW OFFICE OF STEPHEN T. LEAS, PLLC

                                      *[signature]*
                                      Stephen T. Leas

STL/rml

Enclosures

EXHIBIT "B"

OCT 28 2002

AO 440 (Rev. 10/93) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

__SOUTHERN__ District of __TEXAS__

BROWNDREW, L.L.C.

V.

Triad Builders, Inc; Elsa State Bank & Trust Co.; G&T Paving Co.; Aqua Tech; Villaneuva Fence & Supply Co.; Valley Builders Co.; Robert's Welding & Fabricators, Inc.; Bowman Distributing Company, Inc.; Omega Systems; Galvan Sheet Metal Shop; Raymond Roofing, Inc; Edmann's Commercial Refrigeration & A/C; Skipper's Repair Plumbing; et al.

**SUMMONS IN A CIVIL CASE**

CASE NUMBER: **B-02-137**

TO: (Name and address of Defendant)

G T Blinds, INC., c/o William Glenn Hanks, Registered Agent
505 West Nolana
McAllen, Texas 78501

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

William L. Rentfro
RENTFRO, FAULK, & BLAKEMORE, LLP
185 E. Ruben Torres Blvd.
Brownsville, Texas 78520
(956) 541-9600 (telephone)
(956) 541-3414 (fax)

an answer to the complaint which is herewith served upon you, within __twenty (20)__ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Michael N. Milby, Clerk

CLERK

JUL 8 2002

DATE

_(signature)_
(By) DEPUTY CLERK

AO 440 (Rev. 10/93) Summons in a Civil Action

EXHIBIT "A"

## RETURN OF SERVICE

| | |
|---|---|
| Service of the Summons and complaint was made by me[(1)] | DATE  October 21, 2002 |
| NAME OF SERVER (PRINT)  William Rentfro | TITLE  Attorney |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: _____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

☒ Other (specify): 7001 2510 0001 8504 8297 Faxed to defendant; Service by fax accepted by Defendant and its counsel.

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | -0- |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on  10/21/02     *[signature]* William Rentfro
         Date         Signature of Server

         185 E. Ruben Torres Blvd.
         Address of Server  Brownsville, TX 78520

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.